Bryans vs. The State.

JAMES H. BRYANS, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

The Solicitor General entered on the bill of indictment arraignment and plea of not guilty, but by inadvertance, there was, in fact, no arraiagnment or plea. The jury were impanneled and sworn, the indictment was read to them, and the Solicitor made his opening address, and was about to introduce evidence, when counsel for prisoner moved the court to allow a verdict of not guilty to be taken, on the ground that there had been no arraignment or plea. The court overruled the motion, and permitted the Solicitor to enter a *nolle prosequi*: *Held*, That as there was no issue for the jury to try, the prisoner was not in jeopardy, and it was not too late to *nol. pros.* the indictment.

Indictment for Assault with intent to Rape. In Butts Superior Court. Motions decided by Judge SPEER. September Term, 1865.

The plaintiff in error being indicted for the offence of assault with intent to commit a rape, a jury was impanneled and sworn to try him. The Solicitor General opened the case for the State, read the indictment to the jury, and offered to swear the prosecutrix. Prisoner's counsel objected to the introduction of any testimony, and moved the court to be allowed to take a verdict for the prisoner, on the ground that there had been no arraignment and no plea. The court stated that it was judicially cognizant of the fact that there had been no arraignment, and the Solicitor General stated there had been none, and no plea; that he had made the entry, " The defendant arraigned and pleads not guilty," without the consent of defendant or his counsel, and that he was mistaken in thinking that counsel had waived arraignment; that he had stated to counsel associated with him for the State, when asked by them if defendant had been arraigned, that his counsel had waived it, which was a mistake; and that the counsel had not been asked to waive it—nothing having been said about it.

The court overruled the motion; and this is assigned as error.

Pending this motion, the Solicitor General moved to strike

the entry of arraignment and plea, and to enter a *nolle prosequi*. The court allowed the entry to be stricken, and a *nolle prosequi* to be entered, and discharged the jury. This, also, is assigned as error.

The Solicitor General moved the court, after the *nol. pros.*, to hold the defendant in custody until a new indictment could be had, which was done; and another indictment for the same offence was returned, the trial of which was postponed for the hearing of this case in the Supreme Court.

TRIPPE and FLOYD, for plaintiff in error.

HAMMOND, Sol. Genl. for the State.

HARRIS, J.

Until arraignment and plea, there is no issue between the State and prisoner. *See* 4525 *sec. of Code.*

It is conceded on all hands, that there had been in this case no arraignment of the prisoner, nor waiver of it. There could, consequently, be no plea to the indictment. The empanneling of a jury then was, then, merely an irregularity.

The omission to arraign, in Georgia, furnishes no ground in arrest of judgment: the prisoner cannot, under our criminal system, get any substantial advantage by it. The provisions of the Code and its spirit, in consonance with that of the age, looks only to giving the accused a fair and impartial trial upon the *merits* of the case, and gives no countenance to the escape of persons charged with crime, upon mere technicalities. The day has passed, and never to return, when the course of justice could be arrested by trifles and objections having no substantive weight.

Whilst we give such expression to our opinions, we will not, by construction, deprive a person accused of any safeguard to which he is clearly entitled by law; but we cannot llow him to sit by silently, with eminent counsel by his side, all cognizant of a casual omission of what is considered mostly

a form, and which is uniformly waived when requested, and to snatch, in consequence of it, as it were by indirection, a verdict of not guilty.

Would not such a verdict, thus had, be on its face a living lie? Would it not be also a libel on the honesty of the jury finding it—the intelligence of the Court sanctioning it? Persons accused should be tried. Let the State offer its evidence of guilt, and if insufficient to establish it beyond a reasonable doubt, then let the jury find a verdict of not guilty.

We well know that, by the Code, a *nolle prosequi* cannot, without the consent of the accused, be entered on an indictment after a case has been *submitted* to a jury; but we decide that there can be no legal submission to a jury until after arraignment and plea, or issue made. Hence, we can perceive no error in the Circuit Judge in allowing the Solicitor General to enter a *nolle prosequi* under the circumstances of this case. Had there have been an issue, as the law requires in all criminal cases, and one juror only empanneled and sworn, the case would then have been submitted, and no *nolle prosequi* could be then entered as of right, but only with the consent of the accused. Then the jeapordy of the accused begins, and not till then. Whenever a juror has been selected and sworn, the cause must proceed to verdict, unless one of those contingencies should occur provided for by statute.

I have announced, I believe, the view of the entire Court. I venture to suggest, that I am unable to perceive any reason, of weight, why the Circuit Judge could not, with propriety and according to the analogies of law, have held that the accused was entirely estopped from objecting that there was no arraignment and plea or issue in the case; as he had proceeded to select his jury, and allowed them to be sworn, "to try the issue formed on this bill of indictment between the State of Georgia and himself, charged, &c." His silence and con- duct, in the presence of the Court, entirely cognizant of the omission, and not objecting to proceeding, authorized the Court to presume an issue: he should not, after what had

transpired, be permitted to deny that there was no issue; and an order reciting the facts should have been entered on the minutes, and the trial proceeded with without other delay.

Judgment affirmed.