PURYEAR *vs.* THE STATE OF GEORGIA.

1. If it be competent in a criminal case to prove by one witness what another, since deceased, testified on the committing trial, a proper foundation must first be laid by showing that the witness proposing so to testify professes to remember the substance of the entire testimony as to the particular matter about which he testifies.
2. There was sufficient evidence in this case to support the verdict.

Criminal law. Witness. Evidence. Before Judge UN-DERWOOD. Walker Superior Court. February Term, 1879.

Reported in the decision.

DABNEY & FOUCHE; F. W. COPELAND, for plaintiff in error.

C. T. CLEMENTS, solicitor general, for the state

WARNER, Chief Justice.

The defendant was indicted for the offense of a misdemeanor, under the provisions of the bastardy act, and on his trial therefor was found guilty. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

1. The main ground of error insisted on here, was the refusal of the court to allow the witness Love to testify that on the investigation had before the justices of the peace, as to whether the defendant was the father of the bastard child, that one Bailey was examined as a witness and testified under oath, " that other men besides defendant had sexual intercourse with said Martha B. Bailey, the mother of said bastard child, about the first of January, 1876, and before that time." The said Bailey being dead, the question therefore is, was it competent for Love to testify on this trial, in favor of the defendant, the facts proposed to be proved, which Bailey the dead witness swore before the justices, on the statement contained

in the record and bill of exceptions? Assuming that the testimony of the witness would have been competent under the provisions of the 3782d section of the Code, if the proper foundation had been laid for its introduction, that was not done in this case. The witness should have been first asked if he recollected the substance of what the deceased witness swore on the former trial. The witness should be able to state the substance of the *entire* testimony of the deceased witness on the former trial, and not detached parts of it only. 61 *Ga.*, 448.

2. There was sufficient evidence in the case to support the verdict, and there was no error in overruling the defendant's motion for a new trial.

Let the judgment of the court below be affirmed.