## ATKINS *vs.* THE STATE OF GEORGIA.

1. If it be competent in a criminal case to prove by one witness what another, who has since become inaccessible, testified on the committing trial, a proper foundation must first be laid by showing that the witness proposing so to testify professes to remember the substance of the entire testimony as to the particular matter about which he testifies.

2. It was not admissible to prove by a witness sworn on the trial in a murder case that he had heard another, who had been subpoenaed but was not present, state that the latter had heard the person killed utter threats in regard to the defendant, and that the witness sworn had communicated such threats to the defendant.

(*a.*) Especially is this the case where no motion was made for a continuance to procure the testimony of the absent witness, who had been present on a former trial of the case, but was not sworn, and no special effort was made to secure his presence.

3. Where one ground of a motion for new trial is that one of the jurors was not impartial, and statements made by him are relied on to support such ground, the juror may purge himself, and if he does so to the satisfaction of the presiding judge, this ground will be overruled.

(*a.*) In the present case the purgation was thorough.

4. While defendant's counsel was reading authorities touching the fears of a reasonable man which would justify a homicide, and touching the doctrine of reasonable doubts, it was not error for the court to state to him that he recognized the principles so laid down to be the law, and would give them in charge without the reading of further authorities.

(*a.*) Where counsel for defendant persisted in reading such authorities, that counsel for the state commented upon such fact, does not require a new trial.

5. Where a prisoner has been arraigned, pleaded not guilty and a trial has been had, resulting in a mistrial, it is not necessary to re-arraign the prisoner in order to put him again on trial.

6. If requests be covered by the general charge, a failure to give them will not require a new trial.

7. The verdict is supported by the evidence.

October 17, 1882.

Witness.   Evidence.   Criminal law.   Practice in Superior Court.   Jury.   Before Judge WILLIS.   Muscogee Superior Court.   November Term, 1881.

Reported in the decision.

B. A. THORNTON; J. M. LEONARD, by brief, for plaintiff in error.

CLIFFORD ANDERSON, attorney general; J. M. McNEILL, solicitor general *pro tem.*, for the state.

CRAWFORD, Justice.

John T. Atkins having been convicted of murder, moved for a new trial, which was refused, and he excepted.

1. The first ground of the motion was, because the court refused to allow the defendant to prove by James Atkins that the testimony of George F. Helms, on the preliminary examination in this case (as taken down by a newspaper reporter), was in substance what the said Helms testified to on said preliminary examination, and to show in connection therewith that said Helms was beyond the jurisdiction of the court.

This testimony was rejected by the judge upon the ground that the defendant did not offer to prove by the witness that he professed to remember the substance of the entire testimony of the absent witness as to the matter about which he proposed to testify. §3782 of the Code, and the ruling of this court in the case of *Puryear vs. The State*, reported in 63 *Ga.*, 692, settles this question as ruled by the judge below.

2. Because the court refused to allow the defendant to prove also, by James Atkins, that on the 17th or 18th of July, 1881, he was informed by George F. Helms that Nasworthy, the deceased, said to him that if John Atkins did not stop his God d—d foolishness, that he (Nasworthy) would kill him; and that he (James Atkins) on the same day communicated the threat to his brother, the defendant, and that the said Helms had been subpœnaed to attend court that he might be sworn as a witness. It appeared in connection with this offer to prove the sayings of Helms, that he was present on a

former trial of this case, but was not sworn or offered as a witness by the defendant.

This testimony was properly rejected, because, even if true, it was nothing but hearsay, and for that reason inadmissible.   To allow James Atkins to testify that he heard Helms say, that he heard Nasworthy say, that if John Atkins did not stop his foolishness, etc., would be extending the rule farther than was ever known or recognized in any court of justice.   Besides, there was no motion to continue in order to procure the testimony of Helms, nor special efforts made to secure his presence.

3.  Because Wm. Guest, one of the jurors who tried the case, was not impartial, he having used language showing his prejudice against the defendant only the day before he was sworn as a juror.

Of this charge the juror fully and thoroughly purged himself, and made it appear to the judge below that, whilst a majority of the jurors were in favor of returning a general verdict of guilty, he was the first of the body to propose and urge a recommendation to mercy.   This ground of the motion for a new trial was, therefore, properly overruled.   58 *Ga.*, 298.

4.  Because, while defendant's counsel, B. A. Thornton, was addressing the jury and reading various decisions of the Supreme Court of this state upon the subjects of what would be the fears of a reasonable man to authorize the commission of a homicide, and also, while the said counsel was reading authorities from the Supreme Court as to what would, or would not, be reasonable doubts to authorize the jury to acquit, the court stopped counsel and interrupted him by saying, in the presence of the jury and in their hearing, that he recognized such to be the law, and there was no necessity of reading any further authorities; that he would so charge the jury.   Counsel for the state immediately said, in the presence and hearing of the jury, that he did not dispute the authorities which counsel for the defence was reading; counsel for defence

persisted in reading his authorities, which was permitted by the court. Counsel for the prosecution commented, in the concluding argument to the jury, upon the fact that counsel for defence had persisted in reading his authorities after the intimations given him by the court, unfavorably and to the detriment of the defendant's cause.

We are utterly unable to discover any ground of error in this exception. That the judge expressed, in the presence of the jury, his concurrence with the principles of law insisted upon by defendant's counsel, and announced from the bench that he would so charge the jury, does not appear to this court as a cause of complaint. Neither does the fact that the state's counsel commented unfavorably upon the course of defendant's counsel in the matter, aid us in discovering the error.

5. The next ground of error is, that the defendant was not arraigned for any offence; nor was the same waived either by himself or counsel—the prisoner having been tried under a former arraignment and plea of not guilty in the same case, and upon which a mistrial was had.

"Where the prisoner has been arraigned and has pleaded not guilty, an issue is formed, and the same remains an issue until the plea is withdrawn, or until the indictment is disposed of. If, after a verdict of guilty, a new trial be had, the new trial may take place without a second arraignment." 49 *Ga.*, 103.

So, if a mistrial be declared, it is not necessary to re-arraign the prisoner in order to put him again on trial. 58 *Ga.* 35, 45.

6. The complaint in this ground is, of the refusal of the judge to charge certain requests made by defendant's counsel. It is sufficient to say of these, that there is no complaint of the general charge, and that the requests made, which should have been given, were covered by the general charge.

7. The verdict had ample testimony to support it.

Judgment affirmed.