## HUDSON *v.* THE STATE.

FISH, J. 1. It being expressly declared in the Political Code, § 10 that "a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest," one indicted for a criminal offense may waive formal arraignment; and this he must be held to intend to do by his silent acquiescence, if, before the case is submitted to a jury on its merits, he does not bring to the attention of the court that he has not been formally called upon to enter a plea to the indictment. See *Bryans* v. *State,* 34 *Ga.* 323, 325. "A party who personally and by his consent voluntarily goes into court practically on a plea of not guilty should not, after verdict, be permitted to assign as a reason for setting aside the verdict that he was not asked to say whether he was guilty or not guilty before the trial. He has had the benefit of the plea of innocence in his favor, and has been prejudiced in no right. Those cases that hold that this right can not be waived overlook the difference between the procedure at common law, where the accused was not allowed a copy of the indictment as a *right* or counsel to make his defense; where, in fact, all the machinery of the courts was brought to bear to secure, if possible, his conviction." Maxwell's Crim. Proc. (2d ed.) 579, note 3.

2. As, in the present case, the accused got the full benefit of a fair and impartial trial before a jury, and the evidence introduced by the State affirmatively showed that he had been guilty of gaming, as charged in the indictment, within two years prior to the finding thereof, his conviction should be sustained. *Judgment affirmed. All the Justices concur.*

Argued June 15, — Decided June 25, 1903.

Indictment for gaming. Before Judge Crisp. City court of Americus. April 13, 1903.

*Hixon & Harper,* for plaintiff in error, cited Penal Code, §§ 946-9; 34 *Ga.* 323; 49 *Ga.* 104; 58 *Ga.* 35; 69 *Ga.* 595; 95 *Ga.* 227; 4 Am. & Eng. Enc. L. (1st ed.) 760-62; 2 Enc. Pl. & Pr. 787 et seq.

*F. A. Hooper, solicitor-general,* and *J. A. Ansley Jr., city court solicitor,* cited authorities in headnotes, and 31 Fed. 19; 21 Neb. 593; 12 Kas. 550, 561; 17 N. Y. Supp. 395; 34 Hun, 260; 11 Bradw. 294; 66 Ia. 11; 67 Ia. 27; 51 Ark. 130; 30 Ind. 266; 51 Kas. 330; 2 Enc. Pl. & Pr. 791; 56 *Ga.* 467; 69 *Ga.* 404; 87 *Ga.* 517; 107 *Ga.* 726.