REDDICK *v.* THE STATE.

PER CURIAM. After the selection of a jury in the trial of a criminal case, in which the accused has participated (assuming from the question under review that the defendant in the instant case did participate in the selection of a jury), and after the introduction of evidence upon the merits of the case has commenced, the defendant will be deemed to have waived formal arraignment, and it is then too late for him to demur; and the court did not err in refusing to allow the defendant to demur, nor in overruling the motion to quash.

HILL and GILBERT, JJ., dissenting. Where a criminal case proceeds to trial without formal arraignment, or waiver of arraignment, or plea, it is not too late, until a verdict has been returned, to demur to the indictment. *Bryans v. State,* 34 *Ga.* 323. But where the accused, without arraignment, waiver thereof, or plea, allows the trial to proceed to verdict, takes part in the introduction of evidence, and sits by during the charge of the court, it is too late to demur. *Lampkin* v. *State,* 87 *Ga.* 516, 524 (13 S. E. 523); *Hudson* v. *State,* 117 *Ga.* 704 (45 S E. 66).

No. 1523. FEBRUARY 13, 1920.

The Court of Appeals certified the following questions (Case No. 10404):

"The exceptions pendente lite in this case (omitting formal parts) are as follows: '(1) That at the September term, 1918, of Putnam superior court, he [the defendant] was convicted for the violation of the prohibition law, in that he was convicted for operating a still and illegally making and manufacturing whiskey. (2) That upon the call of said case there was no formal arraign-

ment nor plea entered; and that after a jury had been empaneled and the State's first witness was upon direct examination, defendant's attorneys discovered for the first time a fatal defect in the indictment upon which defendant was being tried [the alleged fatal defect being that the indictment charged that the offense was committed 'on the 6 day of July, nineteen hundred and—']; that this was not negligence on the part of defendant nor his counsel, for the reason that defendant, being a poor man, was not able to employ counsel until a few minutes before his case was called, and, in the hurry and confusion and trying to expedite the business of the court, the error and defect was only then discovered. Defendant called the same to the attention of the court, and the circumstances, and offered to demur and moved to quash, but, upon objection from the State, was overruled. (3) That after verdict defendant moved in arrest of judgment, and said motion is now of file and contains the allegations set out herein. And now in open court at the said September term, 1918, and within the time allowed by law, he presents the exceptions and prays that the same may be certified and allowed. Defendant excepts: (1) To the ruling of the court ordering him to trial without formal arraignment and plea. (2) To the ruling of the court refusing the defendant the right to demur and move to quash. (3) To the order of the court overruling the motion in arrest of judgment. And says all of these errors of which he complains.'

"The main bill of exceptions contains the following recitals: 'Upon the call of said case there was no formal arraignment nor plea entered, and, after the State had examined its first witness in chief and turned the same over to counsel for the defendant for cross-examination, defendant's counsel for the first time had an opportunity to see the indictment and discovered a fatal defect in the indictment, to wit, [the indictment] charged the offense as having been committed on the 6th day of July, nineteen hundred and —, and offered to demur to the indictment, and the court overruled the same; and the defendant moved to quash the indictment on the grounds that said indictment charged the defendant with committing the offense in the year nineteen hundred, and there were no allegations in the indictment or exceptions stated therein to take it out of the bar, therefore the offense was barred by the statute of limitations; to which offer to be allowed to demur

and motion to quash the court overruled on the ground that defendant had waived the defect by going to trial. Whereupon the defendant stated that he had not waived arraignment and had not been called upon to do so, and declined to waive arraignment, and demanded that he be arraigned, which the court overruled on the ground that he waived being formally arraigned by engaging in the trial; which rulings of the court the defendant excepted pendente lite.' The main bill of exceptions contains a proper assignment of error upon the exceptions pendente lite.

"Did the court err in refusing to allow the defendant to demur to the indictment, or in refusing to quash the indictment, or in overruling the motion in arrest of judgment? See *Bryans* v. *State*, 34 *Ga.* 323."

*Davidson & Callaway,* for plaintiff in error.
*Doyle Campbell, solicitor-general,* contra.