## 10404.  REDDICK *v.* THE STATE.

BLOODWORTH, J.  1. In answer to questions in this case, certified to the Supreme Court by this court, that court said: "After the selection of a jury in the trial of a criminal case, in which the accused has participated (assuming from the question under review that the defendant in the instant case did participate in the selection of a jury), and after the introduction of evidence upon the merits of the case has commenced, the defendant will be deemed to have waived formal arraignment, and it is then too late for him to demur; and the court did not err in refusing to allow the defendant to demur, nor in overruling the motion to quash." (For the statement of facts upon which the above ruling was made, see *Reddick* v. *State,* 149 *Ga.* 822, 102 S. E. 347).

2. There is no merit in any of the special grounds of the motion for new trial; the evidence supports the verdict, which is approved by the trial judge, and the judgment is

*Affirmed.  Broyles, C. J., and Luke, J., concur.*

DECIDED FEBRUARY 24, 1920.

Indictment for manufacture of intoxicating liquor; from Putnam superior court—Judge Park.  February 11, 1919.

*Davidson & Callaway,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.