## 26030. LEWIS *v.* THE STATE.

DECIDED MAY 6, 1937.

*L. J. Courson, E. R. Smith,* for plaintiff in error.
*H. C. Morgan, solicitor-general, M. S. Potter,* contra.

MACINTYRE, J.  The indictment charged the defendant, Culpepper Lewis, with cheating and swindling, "for that the said accused on 4 day of Sept. in the year of our Lord nineteen hundred and 36, in the county aforesaid, did . . wilfully and knowingly, with intent to defraud one Dan C. Paulk by deceitful means and artful practices, falsely and fraudulently represent to said Dan C. Paulk that he, the said accused, had a good and merchantable title to" a certain described tract of land, "and did thereby induce the said Dan C. Paulk to purchase by deed to secure a debt of $200 said described land—said debt being a loan of $200 then and there advanced to said accused, and said deed was to secure said loan, when in fact and truth said accused did not own said land as represented, but was owned by Mrs. Culpepper Lewis; thereby defrauding and cheating the said *accused* [prosecutor] out of the sum of $200 and interest thereon at 8% per annum.  The said Dan C. Paulk did not know that said property was not owned by said accused until more than 6 months after said transaction; contrary to the laws of said State, the good order, peace, and dignity thereof."  (Italics ours.)  The indictment was filed on September 23, 1936.

A jury found the defendant guilty.  He filed the following motion:  "Comes now. the defendant in the above-stated case, and files this his motion in arrest of the sentence and judgment of the court in said cause, and shows:  (1) It appears from the record in said case that no valid and sufficient indictment has been returned, or is of file against the defendant, and charges no crime

against the defendant. (2) The indictment nowhere therein alleges that the defendant cheated and swindled the prosecutor or any one else out of any sum of money, because the only reference in the bill of indictment to the alleged charge of cheating and swindling is as follows: 'thereby defrauding and cheating the said *acused* out of the sum of $200 and interest thereon at 8% per annum.' [Italics ours.] (3) Because it is an essential element of the charge of cheating and swindling that the indictment alleges that the accused has cheated and swindled the prosecutor or some one else besides himself out of something of value, which necessary and essential element is not contained in said bill of indictment. (4) Said sentence and judgment of the court should be arrested, because it is alleged in said indictment that the alleged crime was committed on September 4th, 1936, and that the prosecutor, Dan C. Paulk, did not know that the property in question was not owned by said accused until more than 6 months after said transaction. And therefore the indictment shows on its face that the prosecutor did not know that the property was not owned by the accused when the said indictment was returned, and therefore did not know that any crime had been committed by the defendant, and therefore no crime is charged against the defendant. (5) It appears from the record in the case that issue was not joined in said cause."

We will consider the grounds of the motion in arrest in their inverse order. Ground 5. The defendant, having gone to trial before the jury on the merits of his case, and having failed until after verdict to bring to the attention of the court that he had not been formally called on to enter a plea to the indictment, will be conclusively considered as having waived his right of formal arraignment and plea. *Waller* v. *State,* supra.

Ground 4. That the accusation is laid on a subsequently impossible date does not make the verdict and judgment void and of no effect, so that they may be thereafter attacked by a motion in arrest of judgment. The subsequently impossible date on which the offense is laid is immaterial, unless the defendant before pleading to the merits demurs thereto. The defendant must demur before pleading, or else he will be held to have waived his right to have the essential elements of time and place stated with the certainty required by the Code. *Newsome* v. *State,* 2 *Ga. App.*

392, 394 (supra). This ground of the motion in arrest is not meritorious.

Grounds 3 and 2. The defendant did not demur to the indictment, and after verdict he moved an arrest of the "sentence and the judgment." "All exceptions which go merely to the form of an indictment shall be made before trial; and no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment." Code, § 27-1601. The indictment in this case being otherwise good, the clerical error of writing inadvertently the word "accused" for the word "prosecutor" does not vitiate it. The word which is changed does not so obscure the sense that a juror or person of ordinary intelligence can not with certainty ascertain the meaning, and the defendant will not be permitted after verdict to take advantage of this mere clerical error which is corrected by the necessary intendment of the indictment. 1. Wharton on Criminal Procedure (10th ed.), 362, § 322; Code, § 27-701.

Ground 1. The indictment seems to have been formulated from the decisions in *Phillips* v. *State,* 40 *Ga. App.* 141 (149 S. E. 157), and *Courson* v. *State,* 42 *Ga. App.* 279 (155 S. E. 797), and in those cases the indictment was attacked by demurrer, and under such circumstances the pleadings are construed more strongly against the pleader; yet the overruling of the demurrer was sustained. In the instant case the defendant did not demur, but waited until after the verdict before attacking the indictment, and under these circumstances every presumption and inference is in favor of the verdict; and hence the pleading must be construed more strongly in favor of the pleader (the State). The attack on the indictment in that it "charged no crime against the defendant" is not meritorious, when made by way of a motion in "arrest of verdict and judgment." See also, in this connection, Bishop's Directions & Forms (2d ed.), 114, § 271. The court did not err in overruling the motion in arrest of judgment.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*