31697. CHASTAIN *v.* THE STATE.

DECIDED ·OCTOBER 29, 1947.

*E. C. Brannon,* for plaintiff in error.

*C. E. Smith Jr., Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The sole question for determination in this case is whether or not the trial court can legally sentence a defendant in a misdemeanor case, in his absence, he having previously, in writing, authorized another to enter a plea of guilty for him, and to apply bond money posted by him as a fine in the case. The motion to set aside and vacate the sentence of the court discloses some grounds tending to raise questions other than as above outlined, such as at the time of the signing of the purported authorization the charge was "fighting," while the plea entered thereunder was for public drunkenness; that the purported authority was to enter the plea at the next term (August term) and the plea was not entered until the November term; that the purported authority was in blank, and the name W. A. Crow was later supplied, etc., but a decision of the question above outlined will be controlling, and these other questions are held to be without relevancy or materiality.

On the question of the power of a court to accept a plea of guilty to be signed by one with authority in the absence of the defendant, see *Wells* v. *Terrell*, 121 *Ga.* 368 (49 S. E. 319). In that case the attorney for Wells offered to waive the presence of his client, and, having authority to do so, offered to enter a plea of guilty, and to allow the court to impose a sentence on the defendant. The defendant was charged with a misdemeanor; he was under $500 bond; his case was called and this offer made by his counsel, the defendant being absent. The State insisted upon forfeiting the bond. In holding that as one of the purposes of arraignment is to identify the person on trial and raise an issue by plea, it is legally impossible to arraign the defendant, accept his waiver or receive a plea in his absence, the court in the decision, written by Mr. Justice Lamar, said in part as follows: "It is conceded that a trial of a felony case could not proceed without the defendant having been arraigned or made a valid waiver thereof. But there is nothing in the Code which suggests that there is in this respect any difference between trials for felony and trials for misdemeanor. On the contrary, it seems to contemplate an arraignment in all cases. Penal Code, § 947. This formality is intended, among other things, to cut off all question as to misnomer, and to identify the person on trial as being the

one named in the indictment. Regularly this procedure requires the defendant to stand up, face the court and jury, and listen to the reading of the indictment. In answer to the clerk's inquiry whether he is guilty or not guilty of the offense charged, he orally makes his plea. This is not a mere idle ceremony, but furnishes a safe and conclusive means of identification. It permits the court, on the rendition of a verdict of guilty, to impose sentence and put the identified defendant into execution. To secure this important end it is therefore the State's right to have him present when the trial begins. Besides, this requirement prevents the prosecution from degenerating into the appearance of a mock trial before a moot court, with no one in apparent jeopardy. And while the arraignment may be expressly or tacitly waived (*Hudson* v. *State,* 117 *Ga.* 704, 45 S. E. 66), yet the waiver must be an equivalent of the thing waived, and be made while present and under such circumstances as will serve the purpose of the law in requiring that formality. The administration of criminal laws should be not only impartial but equal, with privileges to none not accorded to all. If one defendant, or class of defendants, may be tried without being present, so could every other person charged with a misdemeanor. To allow this privilege to one or to all would be to rob the proceedings of that serious reality which serves a wise and useful purpose. This element of impressiveness was recognized as being so important as to furnish the basis for deciding the analogous question as to whether at common law one convicted of a misdemeanor could be sentenced in his absence. If the punishment had to be by fine only, it was in the discretion of the court whether it should be imposed without the personal attendance of the defendant. But even where the punishment would be pecuniary, it by no means followed that the fine would be imposed in the defendant's absence. For it was said that if the offense was of a public nature, the person convicted should appear to receive sentence, 'for the sake of example and prevention of the like offenses being committed by other persons; as the notoriety of their being called up to answer criminally to such offenses would very much conduce to deter others from venturing to commit the like.' Rex *v.* Hann, 3 Burrows,. 1787. Nor is the suggestion in *Smith* v. *State,* 60 *Ga.* 432, a decision to the contrary. The whole gist of the argument there was to show that the

defendant was actually present when sentenced, and the case did not involve a ruling as to whether in his absence it could or could not be imposed in a case of misdemeanor."

The trial court was therefore without jurisdiction to accept the plea and impose sentence in the absence of Chastain, and the sentence is a nullity and must be set aside. The court erred in sustaining the demurrer interposed to the motion to set aside the sentence.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur*