33306.   SELLERS *et al. v.* THE STATE.

DECIDED DECEMBER 5, 1950.

*J. D. Godfrey, Casey Thigpen, Newell J. Smith*, for plaintiffs in error.

*W. H. Lanier, Solictor-General*, contra.

TOWNSEND, J. (After stating the foregoing facts.) It is the contention of the State that the defendant, having in his first bill of exceptions recited that he waived formal arraignment and pleaded not guilty, would now be estopped from complaining that the signature of his attorney did not appear on the waiver and plea, and from contending that he did not in fact waive arraignment. A motion to set aside a judgment must be based upon a defect not amendable which appears on the face of the record or pleadings. (Code, § 110-702). It is not necessary to determine whether or not the admission in the first bill of exceptions might be considered for the purpose of deciding if the defendants did, in actuality, waive arraignment (in which case the defect could be cured by a nunc pro tunc order recording the arraignment and plea under the provisions of Code § 27-1406), or if it might be considered as such an admission as would estop the defendants from later contending that they did not in fact enter a plea and were not in fact arraigned, because, even if the admission in the bill of exceptions is not considered at all, it does not appear that the trial court erred in overruling the motion.

The law of this State is well settled that a defendant may waive arraignment and plea by failure to call the attention of the court to this defect in the proceedings at the proper time, and when it does not appear that he made any mention of the fact until after verdict he is conclusively presumed to have done so. *Bryans* v. *State*, 34 *Ga.* 323; *Reddick* v. *State*, 149 *Ga.* 822 (102 S. E. 347); *Reddick* v. *State*, 24 *Ga. App.* 776 (102 S. E. 132); *Hudson* v. *State*, 117 *Ga.* 704 (45 S. E. 66); *Gravitt* v. *State*, 53 *Ga. App.* 353 (185 S. E. 594); *Brown* v. *State*, 19 *Ga. App.* 619 (91 S. E. 939); *Theis* v. *State*, 45 *Ga. App.* 364 (2) (164 S. E. 456); *Lewis* v. *State*, 55 *Ga. App.* 743 (191 S. E. 278).

764

It does not appear from the record in this case that the point was raised until after the verdict of guilty in the trial court had been affirmed by this court. The record here discloses that the question was first raised by the filing of the motion to set aside the judgment which was filed some time after the verdict and judgment were rendered. Therefore, the defendant is conclusively presumed to have waived arraignment and plea, and consequently these defects were cured by the verdict in the case. Code § 110-705 provides as follows: "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." It follows, therefore, that this defect is not subject to attack by a motion to set aside the verdict in this case.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*