## 49961. THE STATE v. WARREN.

Stolz, Judge.

On the call of her case for arraignment for the offense of murder on July 15, 1974, the defendant, by her counsel,

pleaded not guilty, waived formal arraignment, and demanded a list of the state's witnesses and a copy of the indictment. The district attorney acknowledged the oral demand, but requested an informal, written demand for his files to remind him to provide the list.

On the call of the case for trial on July 18, 1974, both sides announced ready, the jury was sworn, and the district attorney called the names of the state's witnesses to be sworn and inquired as to whether defense counsel had any witnesses she wanted to call. Defense counsel objected that she had not been given a list of the state's witnesses, for which she had made an alleged written demand. The district attorney replied that to his knowledge he hadn't received any *written* demand, but that he couldn't say that she had not given it to him. A written demand, dated July 15, 1974, appears in the record of the case.

The trial judge granted a "10-minute" recess in order for the state to give the defendant a list of the witnesses and a copy of the indictment. Thereafter, both sides called their witnesses and had them sworn. Defense counsel then moved that the state not be allowed to use any of its witnesses it had sworn, because she had not been given a list of them until the case had been announced ready, the jury struck, and the trial started. The trial judge ruled that the defendant had not waived her right to a copy of the indictment and a list of the witnesses, sustained her motion, then announced that he would entertain a motion in the case. The defendant moved for a directed verdict of not guilty, which the judge granted, and then discharged the defendant and the jury. The judge then wrote out in longhand the following order: "On motion of the attorney for the defendant for a verdict of not guilty due to the fact that a list of witnesses was not furnished to the defendant or her attorney after demand before arraignment said motion is sustained and said motion is granted." This order was dated and signed *by the judge.*

The state appeals. The defendant moves to dismiss the appeal on the ground that the same is beyond the scope of Code Ann. § 6-1001a (Ga. L. 1973, pp. 297, 298), which provides: "An appeal may be taken by and on behalf of the State of Georgia from the superior courts and such

other courts from which a direct appeal is authorized to the Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases in the following instances: (a) From an order, decision or judgment setting aside or dismissing any indictment or information, or any count thereof. (b) From an order, decision or judgment arresting judgment of conviction upon legal grounds. (c) From an order, decision or judgment sustaining a plea or motion in bar, *when the defendant has not been put in jeopardy.* (d) In the case of motions made and ruled upon prior to the empanelling of a jury, from an order, decision or judgment sustaining a motion to suppress evidence illegally seized." (Emphasis supplied.) *Held:*

Obviously, paragraphs (a), (b) and (d) of Code Ann. § 6-1001a do not apply to the factual situation before us. Assuming that the directed verdict of not guilty (acquittal) was "an order, decision or judgment sustaining a plea or motion in bar" under subsection (c) of § 6-1001a above, has the defendant been put in jeopardy? "The 1968 Georgia Criminal Code has expanded the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions. See Code Ann. §§ 26-505, 26-506, 26-507. Therefore questions of double jeopardy in Georgia must now be determined under the expanded statutory proscriptions. Consequently, previous Georgia provisions applying constitutional standards of double jeopardy will generally not be applicable." *State v. Estevez,* 232 Ga. 316, 317 (1) (206 SE2d 475).

Code Ann. § 26-507 (a 1) (Ga. L. 1968, pp. 1249, 1267) provides: "A prosecution is barred if the accused was formerly prosecuted for the same crime, based upon the same material facts, if such former prosecution . . . resulted in either a conviction or an acquittal; . . ." This court, in *Marchman v. State,* 132 Ga. App. 677, 681 (209 SE2d 88), quoted from the committee notes to § 26-507, supra, as follows: "[F]urther proceedings in a case are permissible and do not constitute a bar *unless the proceedings at one time resulted in an adjudication that the accused was not guilty.*" (Emphasis supplied.) In *Jones v. State,* 232 Ga. 324, 326 (206 SE2d 481), the Supreme Court held that jeopardy had attached prior to the

mistrial, *when the jury was sworn and impaneled.* (But see *White v. State,* 230 Ga. 327, 340 (196 SE2d 849)). Although *Jones,* supra, was based on two cases decided prior to the 1968 Georgia Criminal Code, i.e., *Ferguson v. State,* 219 Ga. 33, 35 (131 SE2d 538) and *Nolan v. State,* 55 Ga. 521, the opinion discusses § 26-507, supra; therefore, the court was apparently aware of its effects.

Thus, it appears that the defendant was put in jeopardy at the earliest when the jury was sworn and impaneled, or at the latest when she was adjudicated not guilty by the sustaining of the motion for directed verdict of not guilty (acquittal).

We are urged by the state that we should look to substance and not to form; that a person charged with this serious offense should not be permitted to escape the bar of justice upon a "mere technicality." We have been reminded of the eloquent words of Justice Harris in *Bryan v. State,* 34 Ga. 323, 324 (1866). It has been argued that what the trial judge did, in effect, was to grant a motion for a continuance or one for a mistrial. To these entreaties we but note in passing that this court did not create the situation with which we are confronted. It simply falls our lot to resolve it according to law. Prior to the passage of Code Ann. § 6-1001a, supra, the state had no right to appeal in a criminal case. In *State v. Hollomon,* 132 Ga. App. 304 (208 SE2d 167), this court held that § 6-1001a, being in derogation of pre-existing law, must be strictly construed against the state so as to allow appeals only under the specific conditions the General Assembly in its wisdom provided for therein. The judgment granting the motion for directed verdict of acquittal, not being one specified as appealable by the state under § 6-1001a, supra, must be held to be not appealable. This is true notwithstanding the facts that the defendant was accused of the capital felony of murder and that the trial judge could have assured both the defendant's and the state's rights by granting, on his own motion if necessary, a continuance of the trial in order for the defendant to have a reasonable opportunity to interview the state's witnesses prior to trial, which is the transcending purpose of Code Ann. § 27-1403. *Hicks v. State,* 232 Ga. 393, 399 (unnumbered division) (207 SE2d 30).

To construe that which occurred below as the granting of a motion for mistrial or a motion for continuance, is to utterly ignore the very plain and unambiguous language of defendant's counsel's *motion for directed verdict* and the even more plain and explicit language of the trial judge after granting the motion and discharging the jury: "Fannie Warren, on motion of your counsel, you are hereby found *not guilty* and you are *discharged from custody.*" (Emphasis supplied.) The trial judge then reduced his order to writing, as previously shown hereinabove.

Accordingly, the motion to dismiss must be, and is, granted.

*Appeal dismissed. Deen, P. J., and Evans, J., concur.*

ARGUED JANUARY 13, 1975 — DECIDED JANUARY 30, 1975.

*Donald W. Huskins,* for appellant.

*Eva L. Sloan,* for appellee.

*Arthur K. Bolton,* Attorney General, *Robert S. Stubbs, II,* Executive Assistant Attorney General, *John W. Dunsmore, Jr.,* Assistant Attorney General, amicus curiae.