## 50175. ALEXANDER v. THE STATE.

EVANS, Judge.

Defendant was indicted for motor vehicle theft, along with one Larry Shingles. Counsel was appointed for him on September 17, 1974, and his motion for separate trials, was granted. His counsel, upon request, was provided a list of witnesses under Code Ann. § 27-1403. Counsel was on call in criminal court on September 25, 1974, and while answering the court calendar he was handed a list of two additional witnesses, namely Larry Shingles and one Johnnie Mae Haynes. These witnesses were not on the original list handed to him.

On September 26, 1974, this case was called, and defendant, by and through his counsel waived a copy of the indictment (which he already had received), list of witnesses (which he had received), and waived formal arraignment before he pleaded not guilty. After the issue had been joined, he objected to the use of Shingles and Haynes as witnesses against him under authority of Code Ann. § 27-1403 and the constitutional clause upon which it is based. Counsel stated that he had been unable to properly investigate as to what these witnesses might testify (having been on trial on the day he was handed the

names of the additional witnesses), which was just the day before. He objected to the use of these witnesses but made no request for a continuance.

The assistant district attorney stated in his place that he did not learn of these witnesses until the trial of Shingles which was on Tuesday afternoon. He furnished the additional list to defense counsel on Wednesday, and trial was begun on Thursday. He further stated that he realized at the trial of Shingles that these witnesses were necessary witnesses in this case. The sole appeal is to allowing these witnesses to testify against defendant. *Held:*

The Constitution of Georgia (Code Ann. § 2-105) does not state when the list of witnesses shall be furnished; but the statute (Code Ann. § 27-1403) states very clearly that the list shall be furnished previously to arraignment. The statute was complied with here because no arraignment was ever held (he waived arraignment), and the list was given to counsel the day before trial. While defendant contends he had been unable to investigate what these witnesses would testify he made no motion for a continuance but merely moved to prevent these witnesses from testifying against him. Regardless of whether or not the statement by the prosecuting attorney in his place amounts to a statement that the evidence of these two witnesses was newly-discovered, the Constitution and statute have been complied with, and no error is shown.

*Judgment affirmed. Deen, P. J., concurs. Stolz, J., concurs in the judgment only.*

Submitted February 10, 1975 — Decided March 6, 1975.

*Wingate & Bartlett, Fred E. Bartlett, Jr.,* for appellant.

*William S. Lee, District Attorney, Daniel Mac-Dougald, III, Assistant District Attorney,* for appellee.