## 50364. DAVIS v. THE STATE.

MARSHALL, Judge.

Appellant was tried and convicted of three counts of violations of the Georgia Uniform Narcotic Drug Act (Code Ann. Ch. 79A-8), to wit: Count 1 — sale of cocaine on May 9, 1974, and Counts 2 and 3, respectively — possession and sale of cocaine on June 15, 1974. The evidence as to Counts 2 and 3 was that on June 15 an undercover agent was informed by appellant that he could get some "real good" cocaine. The agent then followed appellant to the home of one Higgins and arranged for the

agent to buy two "dime bags" from Higgins. Appellant also stated that he wanted to buy a bag. Higgins then laid three small bags on the kitchen table containing a white powdery substance referred to by both Higgins and appellant as cocaine. The agent picked up two bags (which forms the basis of Count 3) and appellant picked up the other (which forms the basis of Count 2). The agent later conducted a chemical field test on the contents of the two bags he bought but the state did not introduce any results of tests conducted at the State Crime Laboratory. The contents of the bag bought by appellant were never tested.
*Held:*

1. The appellant made a motion for directed verdict of acquittal at the close of the state's case, and its denial is appellant's enumeration of error 1. Appellant contends that as to Count 1, the chain of custody was broken because the undercover agent took the bag of cocaine home with him after the purchase and kept it overnight and that while at the State Crime Laboratory, the bag was kept in a locker accessible to some 13 other chemists. At trial, the undercover agent testified that the substance he bought from appellant and kept overnight was the same substance he turned over to police officials the next morning and that it was unaltered except for a small sample which he used to conduct a field test. In proving chain of custody, the state is not required to show that the substance was personally guarded each minute it is in one's custody, and in the absence of a showing to the contrary, the chain of custody is not thereby broken. *White v. State,* 230 Ga. 327, 334 (196 SE2d 849); *Scudiere v. State,* 130 Ga. App. 477 (10) (203 SE2d 581). Concerning the custody of the substance by the chemist at the State Crime Laboratory, the chemist who analyzed it testified that he put it in a small evidence bag and sealed the bag. He then placed that bag, along with others, in a larger bag and sealed that bag with staples. He then placed the bag in the main storage locker where it remained until the morning of the trial. When he retrieved the bag it was undisturbed and still sealed with staples. In the absence of evidence of tampering with the substance, the chain of custody has not been shown to be broken.

As to Counts 2 and 3, the appellant contends the

evidence was insufficient to show the substance was cocaine in that it was never tested at the State Crime Laboratory and never introduced into evidence. The state is not required to introduce the illegal drug itself into evidence. See e.g., *Reid v. State,* 129 Ga. App. 660 (2) (200 SE2d 456). The undercover agent testified that he had a great deal of experience with cocaine and had received formal training on identification of cocaine. He testified further that both appellant and Higgins called the substance cocaine on more than one occasion. Additionally, he conducted a chemical field test on the contents of the two bags that form the basis of Count 3 and it showed positive for cocaine.

We have found no case where the results of a chemical field test have been held inadmissible, though it would appear that its reliability would be tested by defense cross examination and rebuttal and that the weight to be given it by the jury would be an appropriate subject for defense argument. See *Wallace v. State,* 134 Ga. App. 708 (5). In addition, the fact that the bag that forms the basis of Count 2, was never analyzed, does not demand acquittal, because the jury could conclude from the identical physical characteristics of all three bags that it also contained cocaine. See *Scott v. State,* 133 Ga. App. 466 (1) (211 SE2d 415); *Rogers v. State,* 130 Ga. App. 176 (5) (202 SE2d 560).

2. Enumeration of error 2 complains that appellant was required to proceed with trial without having first been arraigned under Ga. L. 1966, pp. 430, 431 (Code Ann. § 27-1401) and Code § 27-1404. The record clearly shows that upon being called for arraignment, appellant's counsel stated: "Your Honor, we will waive formal arraignment and request a list of state's witnesses, a copy of the indictment and plead not guilty." This statement amounts to an unconditional waiver of arraignment. The furnishing of a copy of the indictment and a list of witnesses to appellant was not by this statement nor by law, made a prerequisite to a valid waiver of arraignment.

Furthermore, the presence of the appellant at the arraignment was also waived by failure of his counsel to object to proceeding in his client's absence at the arraignment. Counsel did not object to this absence until

after verdict was returned on appeal of the case. "The law of this State is well settled that a defendant may waive arraignment and plea by failure to call the attention of the court to this defect in the proceedings at the proper time, and when it does not appear that he made any mention of the fact until after verdict he is conclusively presumed to have done so. *Bryans v. State,* 34 Ga. 323; *Reddick v. State,* 149 Ga. 822 (102 SE 347); *Reddick v. State,* 24 Ga. App. 776 (102 SE 132); *Hudson v. State,* 117 Ga. 704 (45 SE 66); *Gravitt v. State,* 53 Ga. App. 353 (185 SE 594); *Brown v. State,* 19 Ga. App. 619 (91 SE 939); *Theis v. State,* 45 Ga. App. 364 (2) (164 SE 456); *Lewis v. State,* 55 Ga. App. 743 (191 SE 278)." *Sellers v. State,* 82 Ga. App. 761, 763 (62 SE2d 395). Language in *Wells v. Terrell,* 121 Ga. 368 (49 SE 319), that arraignment, or waiver thereof, in the prisoner's absence is illegal, appears to apply only where counsel attempts to enter a plea of guilty for his client. See also, *Chastain v. State,* 75 Ga. App. 880 (45 SE2d 81).

3. Enumeration of error 3 contends that appellant was not given a list of witnesses by the state as required by Code § 27-1403, as amended by Ga. L. 1966, pp. 430, 431 (Code Ann. § 27-1403). The record shows that prior to arraignment in August, 1974, appellant made a written demand for a list of witnesses and also made oral demand for same at the arraignment. The list was not furnished until the jury was struck the day before the trial commenced. Upon objection at trial, the trial judge suggested to defense counsel that it would be receptive to a motion for mistrial or for continuance "on the grounds that you have not had adequate notice of the witnesses and you have not had the time or an opportunity rather to interview them." However, defense counsel made no motions for continuance or mistrial and the trial judge overruled his objections to testimony of all witnesses on the list, four of whom subsequently testified at the trial.

Appellant's contentions, in effect, are that whenever the list of witnesses required under Code Ann. § 27-1403 is not furnished in a timely manner (there seems to be no dispute that the list here was too late to be adequate), the only remedy would be a directed verdict of acquittal because none of the state's witnesses could testify. In fact,

the 1966 amendment to the Act provides that "Without the consent of the defendant, *no witness shall be permitted to testify* for the State whose name does not appear upon the list of witnesses as furnished to the defendant unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses." (Emphasis supplied.) Is this sanction the mandatory and exclusive remedy for failure to timely comply with the statute?

We do not think that such was the result intended by the legislature when the entire witness list is furnished late vis a vis omission of one or more witnesses from a list that was timely furnished. The purpose of the statute, as stated in *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30), "is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial. See *Emmett v. State,* 232 Ga. 110 (6) (205 SE2d 231). This purpose is served by requiring that the defendant receive the names of the witnesses promptly upon demand and at a reasonable time before trial." The protection afforded by the statute is against *forcing* a defendant to trial without adequate time to interview the state's witnesses. Here, appellant was not forced to trial, but was afforded the opportunity to continue the trial. The statute authorizes the sanction of exclusion of the witnesses' testimony but same is not mandatory where the trial judge in his discretion determines that the defendant can be protected by some other form of relief. See *Favors v. State,* 234 Ga. 80 (1); *State v. Warren,* 133 Ga. App. 793, 796 (213 SE2d 53). Relief for such violations of the statute may be achieved by motions for mistrial or continuance, as the trial judge suggested here, the denial of which would present for review the question of abuse of the trial court's discretion. See also, *Alexander v. State,* 134 Ga. App. 201 (213 SE2d 560); *Fishman v. State,* 128 Ga. App. 505 (4) (197 SE2d 467).

4. Appellant's final enumeration of error is that the trial judge erred in overruling his objection to testimony of a state's witness which he contends was hearsay. The

witness testified that, while working as an undercover agent, he was told by a person named Mike that he (Mike) and appellant "bought some cocaine down on the strip in Atlanta." This testimony was admissible to explain the conduct of the witness. This conversation was part of the witness' investigation and explains how and why the agent was led to the appellant for the purchase of cocaine. The statement was admitted not to prove the truth that appellant bought cocaine in Atlanta. It was not hearsay but original evidence under Code § 38-302. See *Estes v. State,* 224 Ga. 687 (1) (164 SE2d 108); *Bryant v. State,* 191 Ga. 686 (14) (13 SE2d 820); *Lundy v. State,* 130 Ga. App. 171 (4) (202 SE2d 536); *Griffie v. State,* 107 Ga. App. 356 (1) (130 SE2d 149). Cf. *Todd v. State,* 200 Ga. 582 (1) (37 SE2d 779).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

Submitted March 3, 1975 — Decided May 27, 1975 — Rehearing denied June 19, 1975.

*Darryl R. Vandeford,* for appellant.

*Bryant Huff, District Attorney, Dawson Jackson, Richard Winegarden, Robert A. Barnaby, II, Assistant District Attorneys,* for appellee.