WALLACE, JUDGE:
Claimant seeks to recover $67.44 for damages sustained by his 1979 Plymouth Volare automobile.
On November 16, 1981, the claimant was a passenger in his automobile being driven by his wife. They were proceeding at 35 to 40 miles per hour westerly on Route 214 towards Yeager, West Virginia. It was early evening and dark. There was no traffic in front of them. At a point about one-eighth of a mile from the intersection of Route 214 and Route 3, an oncoming tractor-trailer approached with its wheels on the claimants’ side of the yellow line. The claimant testified that his wife, in order to avoid the truck, drove into a hole in the pavement damaging the vehicle. He further testified that his wife travelled this road often going to work; that he was aware of the existence of the hole but did not alert her; and that he did not attempt to notify the respondent of the hole. The claimant’s wife was at work and did not testify at the hearing.
The law of West Virginia is well established that the State is neither an insurer nor a guarantor of the safety of persons travelling on the highways. Adkins v. Sims, 130 W.Va. 645, 45 S.E.2d 81 (1947); Parsons v. State Road Comm’n, 8 Ct.Cl. 35 (1969). For the respondent to be found liable for damages caused by road defects of this type, the claimant must prove that the respondent had actual or constructive notice of the defect. Davis Auto Parts v. Dept. of Highways, 12 Ct.Cl. 31 (1977). Since the claimant brought forth no evidence to that *450 effect and did not meet the burden of proof, this claim is denied.
Claim disallowed.