PER CURIAM:
The claimant's wife, Martha Elizabeth Hunter, was operating her husband's vehicle in a westerly direction on Kanawha Turnpike, Kanawha County when the vehicle struck a pothole. The incident occurred on February 23, 1986, at approximately 12:15 a.m. It was dark and it had been raining earlier in the evening. The vehicle is a 1978 Dodge Omni. As a result of the incident, two rims and a tire on the automobile were damaged in the amount of $98.51.
Claimant's wife testified that she had picked up her daughter and a friend of her daughter at the skating rink in Kanawha City. The girls accompanied her in the vehicle. She stated that she was familiar with that section of the Kanawha Turnpike, and she had observed the pothole previous to the incident. She drove this route daily both at night and during the day. She noted that there were numerous potholes that had been patched. She had not notified respondent of the condition of the road.
Mr. Joseph L. Lilly, employed by the respondent as a foreman for the last six years stated that his duties include maintenance on the Kanawha Turnpike, which has a designation of Route 12. He had receive no complaints regarding this particular pothole.
The law of West Virginia is well established that the State is neither an insurer nor a guarantor of the safety of persons travelling on the highways. Adkins vs. Sims, 130 W.Va. 645, 45 S.E.2d 81 (1947); Parsons vs. State Road Commission, 8 Ct.Cl. 35 (1969). For the respondent to be found liable for damages caused by road defects of this type, the claimant must prove that the respondent had actual or constructive notice of the defect. Davis Auto Parts vs. *8 Department of Highways, 12 Ct.Cl. 31 (1977). Since the claimant brought forth no evidence to that effect and did not meet the burden of proof, this claim is denied.
Claim disallowed.