PER CURIAM:
This claim was originally styled in the name of Shirley Bauer, but the testimony indicated that the vehicle, a 1986 Pontiac Grand AM, was titled in the name of Harvey H. Bauer and Shirley Bauer. The Court, on Ms. Bauer's motion, amended the style to include Harvey H. Bauer as an additional claimant.
Claimant Shirley Bauer testified that she was operating the vehicle in a northerly direction on Route 61 between Crown Hill and East Bank, Kanawha Count, when the vehicle struck a hole in the pavement. She was alone in the vehicle at the time. The incident occurred on August 24, 1986, at approximately 6:00 p.m. The weather was clear. The highway is a two-lane, blacktop road. It was not yet dark at the time of this incident. As a result of striking the hole, it was necessary to replace a wheel and cover and to have the automobile aligned in the amount of $158.70.
Claimant Shirley Bauer testified that the hole was in the travel portion of the highway. It was located in the northbound lane, the lane in which she was travelling. She described the hole as being a three foot by three foot section in the pavement. She estimated that she had been travelling in a straight path for approximately one hundred feet before her vehicle struck the hole, Ms. Bauer alleges that someone was placing a new culvert at this and other locations and had failed to place a warning sign. She admitted that she was not aware whether respondent, a utility, a contractor or some other individual was performing the work. She had not travelled the route recently, at the time of the incident, and had not complained of the defect to the respondent.
*9 James P. Dingess, County Supervisor for the eastern half of Kanawha County with respondent, testified that he reviewed respondent records. Respondent had not been doing any work just immediately prior to the date of this incident. He further stated that on occasion, contractors and utility companies alter the surface of highway in this area.
The law of West Virginia is well established that the State is neither an insurer nor a guarantor of the safety of persons travelling on its highways. Adkins vs. Sims, 130 W.Va. 645, 45 S.E.2d 81 (1947); Parsons vs. State Road Commission, 8 Ct.Cl. 35 (1969). For the respondent to be found liable for damages caused by road defects of this type, the claimant must prove that the respondent had actual or constructive notice of the defect. Davis Auto Parts vs. Department of Highways, 12 Ct.Cl. 31 (1977). Since the claimant brought forth no evidence to that effect and did not meet the burden of proof, this claim is denied.
Claim disallowed.