PER CURIAM:
On February 18, 1986, between 7:00 a.m. and 8:00 a.m., the claimant was operating her 1985 Dodge Omni on Route 60 near Amandaville in St. Albans, West Virginia, when her vehicle struck a pothole. Claimant seeks $134.58, which amount represents the damage to the vehicle. The Court, on its own motion, amended the style of the claim to designate the Department of Highways as the proper party respondent.
The claimant testified that she was travelling to work at approximately 45 miles per hour. She cannot recall the weather conditions at the time of this incident, but does remember that it was not raining. The highway is a four-lane road. She was initially proceeding in the driving lane, but due to the presence of potholes, she drove her vehicle into the left, or passing, lane. It was a this point that her vehicle struck a pothole located in the alternate lane. She did not see the hole before her vehicle struck it. She travels this route daily, but had not observed this hold on previous occasions.
The law of West Virginia is well established that the State is neither an insurer nor a guarantor of the safety of persons travelling on its highways. Adkins vs. Sims, 130 W.Va. 645, 45 S.E.2d 81 (1947); Parsons vs. State Road Comm’n., 8 Ct.Cl. 35 (1969). For the respondent to be found liable for damages caused by road defects of this type, the claimant must prove that the respondent had actual or constructive notice of the defect. Davis Auto Parts vs. Dept. of Highways, 12 Ct.Cl. 31 (1977). Since the claimant brought forth no evidence to that effect and did not meet the burden of proof, this claim is denied.
Claim disallowed.