## MATTHEWS *v.* THE STATE.

Where a demurrer to an indictment calls for a construction of a penal statute, the judgment rendered thereon concludes the defendant as to the construction given the statute by the court, unless reversed or set aside by appropriate procedure.

Submitted March 20,—Decided May 10, 1906.

Indictment for misdemeanor. Before Judge Reagan. Upson superior court. January 15, 1906.

*C. J. Lester,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* contra.

EVANS, J. The indictment under which the defendant was tried and convicted alleged that he did "unlawfully and with force and arms, and between dark and daylight, willfully and wantonly fire off and discharge a loaded pistol on the public highway and within fifty yards thereof; the same being the public road known as the 'old Alabama Road' and leading from Hannah's mill to Barnesville; said shooting not having been done in defense of self or property, and not on his own premises." Before arraignment and plea the defendant demurred to the indictment, on the ground that it alleged that the defendant shot "not in defense of self, while the statute requires that the shooting must be done not in defense of person;" that the "use of the word 'self' in said indictment, instead of the word person, restricts the defendant to the right to shoot only in his own defense, and deprives him of the right to defend his child, his wife, or any person other than himself." The demurrer was overruled, and the case proceeded to trial. The evidence submitted by the State tended to establish the allegations of the indictment. The defendant admitted discharging his pistol on the public road, but denied he shot after dark. He further undertook to justify the shooting as having been done in defense of the person of his sister-in-law, a small girl, under these circumstances: He was returning to his home, riding in a buggy with three other occupants; his sister-in-law was sitting in the rear of the buggy, and, as he reached the place indicated in the indictment, a dog attempted to bite her; she hallooed to the dog, and the defendant struck the dog with his whip; the dog persisted in his attack on the little girl, and he fired his pistol at the dog to prevent him from biting her. The jury returned a verdict of guilty, and

the defendant moved for a new trial, on the usual grounds and because the court erred in refusing to sustain his demurrer. To the overruling of this motion the defendant excepts.

Counsel for the plaintiff in error concedes that the judgment overruling the demurrer to the indictment can not be reviewed by motion for a new trial. He contends, however, that before a conviction would be authorized under the Penal Code, § 508, the State would have to prove that the shooting was not done in defense of any person. This is the same contention that was made in the demurrer. The section of the Penal Code, under which the indictment was framed, reads as follows: "If any person shall, between dark and daylight, willfully and wantonly fire off or discharge any loaded gun or pistol on a public highway, and within fifty yards of a public highway, except in defense of person or property, or on his own premises, he shall be guilty of a misdemeanor." We are inclined to the belief that the interpretation given by counsel for the plaintiff in error to the word "person," as used in the statute, is correct. Be that as it may, this question is not before us. The defendant by his demurrer invoked a formal ruling as to the construction of the statute, and the court adjudged that the word "person," in the statute, was limited to the person alleged to have discharged the firearm. After a trial judge has formally overruled a demurrer to a petition, the legal sufficiency of the petition becomes established; and so long as this judgment stands unreversed, the questions raised by the demurrer are res adjudicata. *Sims* v. *Ga. Ry. & Elec. Co.*, 123 *Ga.* 643. This is the rule which has been applied to pleadings in civil cases, and the reason on which it rests is equally applicable in criminal procedure. The defendant's demurrer called for a construction of the statute; by the judgment overruling the demurrer the court construed the statute. Until this judgment is set aside the defendant is bound thereby; whether erroneous or not, it is the law of the particular case until reversed or set aside by appropriate procedure. *Griffin* v. *Eaves*, 114 *Ga.* 67. The evidence submitted by the State was sufficient to support the allegations of the indictment, and, as no error of law is complained of, the verdict will not be vacated after its approval by the trial judge.

<div align="center">

*Judgment affirmed. All the Justices concur.*