## LIVINGSTON et al. v. WYNNE, administrator, et al.

1.  Where during the trial of a case a motion to declare a mistrial was made by counsel for the plaintiffs, who stated to the court and offered to prove that certain jurors trying the case had during the trial accepted hospitality from a brother of one of the defendants by eating supper and breakfast with him at his home, and also offered to make proof that such brother had talked to one of the jurors about the case, it was error to refuse to declare a mistrial.

(a) Exceptions to the overruling of a motion for a mistrial can be taken advantage of by a motion for new trial, although no exceptions pendente lite were filed.

2. The general rule is that where exceptions of fact to an auditor's report are submitted to a jury, the report of the auditor is to be taken as prima facie true, and the burden of overcoming it rests upon the party making the exceptions. Where such rule is correctly given in charge by the court, it is not error requiring a reversal for the court later to instruct the jury that he will give them in charge "the principles of law applicable to the case, as if it were an original case before you and originally for trial," where such instruction given involves the very principles for which the plaintiffs are contending.

No. 19.   October 18, 1917.

Equitable petition. Before Judge Highsmith. Dodge superior court. October 20, 1916.

W. L. Grice, B. R. Calhoun, and Hall & Grice, for plaintiffs.

Eschol. Graham, Roberts & Smith, and W. A. Wooten, for defendants.

HILL, J. Mary Livingston and others brought their action against Lovett Brown (since deceased, whose administrator, Bob Wynne, in his representative capacity was made a party defendant) and others, praying that certain deeds be canceled, that the land conveyed thereby be decreed to belong to and vest in the plaintiffs, and that they recover the rents and the value of certain timber. The case was referred to an auditor to hear and determine all issues of law and fact. The auditor filed his report, which was in favor of the plaintiffs. The defendants filed exceptions to the findings of fact by the auditor, which were submitted by the trial judge to a jury, who found a verdict in favor of the exceptions. The plaintiffs filed a motion for a new trial, which was overruled, and they excepted.

1. During the trial of the case, after the jury had been charged and had retired to their room, counsel for the plaintiffs moved to declare a mistrial on account of alleged misconduct of two of the jurors in accepting hospitality, during the trial, from a brother of one of the defendants. It was stated by counsel that the two jurors went to the home of that defendant's brother during the trial and after the jury had dispersed for the day, and ate supper therein. After supper they left and spent the night in the jury-room at the court-house, and went back to the house of the brother of one of the defendants and had breakfast with him there next morning. Movants' counsel offered to prove these statements, but

was not allowed to do so by the court. Counsel for the plaintiffs then proposed that the two jurors be withdrawn and that the trial proceed with the remaining jurors, which offer was declined by opposing counsel.

Error is assigned on the failure to declare a mistrial. No exception pendente lite was taken, and the facts just recited were set out in the motion for a new trial. This failure to hear evidence and to declare a mistrial can be taken advantage of in a motion for new trial, although no exceptions pendente lite were filed. It does not appear that at the time it was originally made the motion for mistrial was predicated upon the statement that the brother of the defendant had talked to either or both of the jurors about the case while they were guests at his home, but it was based upon the ground that the jurors had accepted hospitality from the defendant's brother. However, in the colloquy between court and counsel, pending the motion for mistrial, the following occurred: Counsel for respondents stated, at the time the motion was being considered, "The case was not discussed or mentioned at all while these jurors were at his home." Counsel for movants replied, "I don't know whether it was discussed or not. I would like to make proof of that, if it be material." The court then ruled: "I don't think it would be material now. It would not be material except on the consideration of the motion. Since the case has gotten this near a final conclusion, I think I would let it go on now." Counsel for respondent then said: "I don't think it would be amiss to have evidence on the point that the case was not mentioned and. that they were invited down there." The court responded: "I don't think it would be necessary to do that now. It is up now only as to granting or not granting the motion." Counsel for respondent then stated: "If anything was said that would tend to prejudice the juror in favor of the defendant and against the plaintiff, it would be material." Whether the defendant's brother had talked to the jurors about the case was *very material,* and the court made a definite ruling that hearing evidence on that subject was not "*material now.*" As said above, it was very material, as the question was on the motion for mistrial then being considered, and the court should have allowed evidence on that question. The integrity of the trial demanded that it be heard. When the affidavit of one of the jurors was offered in evidence on the hear-

ing of the motion for a new trial, to the effect that the brother of
the defendant had talked to one of the jurors about the case, it
was objected to on the ground that it tended to impeach the ver-
dict of the juror, and the affidavit was rejected. But at the time
the motion for *mistrial* was made no verdict had been rendered,
and it could not be then said that evidence of this character tended
to impeach the verdict. It was *then* that the trial should have been
suspended and evidence heard on the motion. It is true that the
motion was not as definite and clear-cut as it might have been, but
it was sufficient. If the evidence had disclosed that the defend-
ant's brother and one or both of the jurors who were his guests had
discussed the case while the jurors were his guests, the motion for
mistrial should have been granted.

2. On the trial of the issue made by the exceptions of fact to
the auditor's report the court charged the jury: "Now, gentle-
men, I am going to give you in charge the principles of law appli-
cable to the case, as if it were an original case before you and
originally for trial." Exception is taken to this charge, on the
ground that it tended to mislead the jury and place upon the plain-
tiffs a heavier burden than they were bound to carry, in that it took
from the consideration of the jury the fact that the audior's report
was in favor of the movants and that it was prima facie correct.
In view of the general charge of the court, this charge was not mis-
leading. The court instructed the jury: "Now I charge you, gen-
tlemen, that the report of the auditor is to be taken as prima facie
correct, and the burden is upon the party making the exceptions
to the report of the auditor, the burden being upon the party mak-
ing exceptions to the report of the auditor to show to the reason-
able satisfaction of the jury that the report is erroneous or incor-
rect under the evidence submitted upon the case and taken by the
auditor. This question, however, is to be determined by the jury
from a consideration of the evidence which was taken before the
auditor, and which has been read in your hearing upon the trial
of this case; it being for the jury to determine, from a considera-
tion of the evidence as read to you and submitted to you upon this
trial, whether or not the jury is satisfied, whether or not it appears
to the reasonable satisfaction of the jury that the findings of the
auditor were erroneous in the parts excepted to and as claimed by
the defendants filing the exceptions." We think this charge is a

correct statement of the rule applicable to the case, and that the jury could not have been misled by the instruction excepted to, in view of the charge which confined the issue to the exceptions to the auditor's findings of fact. Civil Code, §§ 5127, 5141. *Adair* v. *St. Amand,* 136 *Ga.* 1 (3), 7 (70 S. E. 578).

As the case goes back for a new trial no opinion is expressed on the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Beck, P. J., absent.*