### 12291. CASWELL *v.* THE STATE.

PER CURIAM. 1. " Continuances for the absence of counsel are not favored. A strict showing is required, especially where counsel other than the absent counsel has been secured and it is not shown that the defendant was injured by the absence of his original or leading counsel." *New* v. *State,* 26 *Ga. App.* 7 (105 S. E. 50). Under this ruling and all the facts brought out by the showing and countershowing, the judge did not abuse his discretion in refusing to continue the case.

2. " It was not error to deny a motion for a mistrial in a criminal case upon the ground that the defendant has not been arraigned and had not waived arraignment, which motion was made after the jury had been

struck and sworn, but before any testimony had been delivered or any witnesses sworn, or the defendant been called upon to plead, where he sat silently by and allowed the jury to be struck and sworn before he called the court's attention to the fact that he had not been formally arraigned. 'A person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest.' 1 Park's Ann. Code, § 10. It seems to us, as suggested by Judge Harris in *Bryans* v. *State*, 34 *Ga*. 325, that 'the accused was entirely estopped from objecting that there was no arraignment and plea or issue in the case; as he had proceeded to select his jury, and allowed them to be sworn, "to try the issue formed on this bill of indictment between the State of Georgia and himself, charged," etc. His silence and conduct, in the presence of the court, entirely cognizant of the omission, and not objecting to proceeding, authorized the court to presume an issue; he should not, after what had transpired, be permitted to deny that there was no issue.'" *Caswell* v. *State*, ante, 76. See also *Reddick* v. *State*, 149 *Ga*. 822 (102 S. E. 347).

3. The evidence authorized the verdict, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED MAY 12, 1921.

Indictment for unlawfully carrying pistol; from Jasper superior court — Judge Park. February 14, 1921.

Application for certiorari was denied by the Supreme Court.

*E. M. Baynes, Davidson, Callaway & DeJarnette,* for plaintiff in error. *Doyle Campbell, solicitor-general. A. Y. Clement, Greene F. Johnson,* contra.

LUKE, J., dissenting. The motion to continue this case, upon the ground of the providential absence of leading counsel for the defendant, was, in my opinion, up to the requirements of section 990 of the Penal Code (1910) ; and therefore I think the motion to continue should have been granted.