## 12526. CHANCE *v.* THE STATE.

As the motion to set aside the judgment in this case was not predicated on a defect apparent on the face of the record, the trial judge properly refused to grant the rule nisi prayed for.

DECIDED JULY 26, 1921.

Accusation of misdemeanor; from city court of Carrollton — Judge Hood. May 13, 1921.

The bill of exceptions in this case states that "the defendant was tried and convicted on June 14th, 1920, and sentenced to pay a fine of three hundred dollars or serve six months in the county chain-gang. Motion for new trial was filed, which was dismissed for failure of defendant to file a brief of evidence. The defendant then filed an extraordinary motion for new trial, which was also dismissed for the reason that defendant had failed to file a brief of evidence. Defendant then filed a motion or presented same to the court, asking that the judgment and sentence of the court in said case be set aside, on the ground that the accusation was drawn under section 722 of the Penal Code, and that the evidence adduced on the trial showed that if the defendant was guilty of anything at all, he would be guilty under section 723 (a) of Park's Penal Code; the defendant asking that a rule nisi be granted, directed to the solicitor of the city court of Carrollton, to show cause why said judgment should not be set aside. Upon the motion being presented to the judge of the city court he refused to grant said rule nisi, and passed the following order: 'The within motion to set aside judgment having been presented to me, and after considering same, it is ordered, considered, and adjudged that the rule nisi prayed for be and the same is denied.'"

*Smith & Millican,* for plaintiff in error.

*Willis Smith, solicitor, Boykin & Boykin,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) In *Spence* v. *State,* 7 *Ga. App.* 826 (68 S. E. 444), Chief Judge Hill said: "A motion in arrest of judgment will reach any defect apparent on the face of the record, not cured by the verdict, to which a general demurrer could have been successfully interposed before arraignment. It is also proper procedure where the verdict is for some offense not covered by the charge made in the indictment. As used in this connection, the expression

'the face of the record' means, in a criminal case, the indictment and the verdict; a defect on the face of the record exists when there is any inadequacy in the allegations, not cured by the verdict, or where the verdict does not conform to the charge in the indictment. It is not, on our opinion, broad enough to reach the charge of the court or the brief of the evidence. These are parts of the record subsequent to the trial; and if the verdict is contrary to the charge of the court for any reason, or contrary to law for any reason, or is without evidence to support it, it is ground for a new trial, and not for arrest of judgment." In *Regopoulas* v. *State,* 116 *Ga.* 596 (42 S. E. 1015), Justice Cobb said: "It has been repeatedly held by this court that a motion to set aside a judgment must be based upon some defect which appears on the face of the record," citing *Dugan* v. *McGlann,* 60 *Ga.* 353; *Pulliam* v. *Dillard,* 71 *Ga.* 598; *Artope* v. *Barker,* 74 *Ga.* 462; *Clark's Cove Guano Co.* v. *Steed,* 92 *Ga.* 440 (17 S. E. 967); *Mize* v. *Americus Mfg. Co.,* 109 *Ga.* 359 (34 S. E. 583). In the *Regopoulas* case Justice Cobb further said (p. 598): "It seems to be now settled, as far as the rulings of this court are concerned, that the only difference between a motion in arrest of judgment and a motion to set aside a judgment is as to the time within which each must be made. The former must be made during the term at which the judgment was rendered; and the latter may be made at any time within three years from the rendition of the judgment." As the motion to set aside the judgment in this case was not predicated on a defect apparent on the face of the record, the trial judge properly refused to grant the rule nisi prayed for, and the judgment must be

*Affirmed. Broyles, C. J., and Luke, J., concur.*