## 13539.   HARMON v. EARWOOD.

JENKINS, P. J.   1.   " The special lien given to landlords upon the crops ot their tenants for money and articles furnished to make the crops embrace only the crops of the year in which such advances are made for such purpose."   Civil Code (1910), § 3348 (3) ;   *Mullins* v. *Dowling*, 20 *Ga. App.* 138 (2) (92 S. E. 763) ;   *Heaton* v. *Graham*, 21 *Ga. App.* 613 (2) (94 S. E. 829) ;   *Wimberly* v. *Ocmulgee Guano Co.*, 21 *Ga. App.* 270 (2) (94 S. E. 288).   " A balance of indebtedness for a prior year can not be included in a foreclosure of such a lien, even by agreement of the parties at the beginning of the year that such balance shall be included with the advances of that year."   *Parks* v. *Simpson*, 124 *Ga.* 523 (52 S. E. 616) ;   *Camp* v. *Matthews*, 143 *Ga.* 393 (2) (85 S. E. 196).

2. While it is true that, under the express provisions of the statute, a landlord's lien for supplies may arise not only by " operation of law from the relation " of the parties but also by " special contract in writing " (Civil Code of 1910, § 3348, par. 1), so that the taking of a note for articles furnished or personal security upon the note will not " operate as a waiver of such a lien " (*Story* v. *Flournoy*, 55 *Ga.* 56; *Johnson* v. *McDaniel*, 138 *Ga.* 203, 75 S. E. 101), yet where such a note with a retention of title is made due upon a specified date, even in a case where the lien exists, it cannot be foreclosed before the agreed time of ma- turity, unless " the tenant is removing or seeking to remove his crops from the premises," or unless " other legal process, not in favor of the landlord nor controlled by him nor levied at his instance or procurement, is being enforced against said crops."   Civil Code (1910), § 3348 (3).

3. With reference to the item claimed in the instant case for " mules to make crop with " in 1921, it appears from the record and certificate of the trial judge, who heard the matter without the intervention of a jury, that the plaintiff admitted that " the mules referred to were sold defendant in 1920, and used by him in making crop of 1920, and the terms of the sale afterwards reduced on March 4, 1921, to the form of a title retention note;" that this note upon its face did not become due until a date subsequent to the foreclosure of the lien; that the amount claimed was not for the hire or use of the mules for the 1921 crop, but merely for the amount due thereon for the 1920 crop; and further that no ground of foreclosure was set up save that the debt was " due and unpaid."   The court, therefore, properly held adversely to the landlord upon this item.

4. The plaintiff in open court having properly abandoned the item for " damage on land not cultivated," and the remaining item being a sum claimed only as " money due plaintiff on cross-ties," there was no error in holding that no lien existed therefor, since neither the landlord's affidavit nor any fact of record shows wherein " cross-ties " afforded a " supply " to the tenant within the contemplation of the statute, nor does it appear that any money derived from any sale of such " cross- ties " was advanced to the tenant, but it is merely claimed that the amount was " due on cross-ties."

*Judgment affirmed.   Stephens and Bell, JJ., concur.*
DECIDED JANUARY 17, 1923.

Foreclosure of lien; from Gordon superior court — Judge Tarver. March 3, 1922.

*Lang & Lang,* for plaintiff.

*J. R. Whitaker, J. G. B. Erwin,* for defendant.