## 17568. BELL v. THE STATE.

A conviction of assault with intent to rape was authorized by the evidence.

A charge on assault and battery was not required.

A reversal is not required because the court permitted cross-examination of the defendant on his motion for a continuance, or because of the refusal to continue the case.

DECIDED NOVEMBER 9, 1926.

Assault with intent to rape; from Evans superior court—Judge Sheppard. June 18, 1926.

P. M. Anderson, for plaintiff in error, cited: 124 Ga. 784; 108 Ga. 477; 63 Ga. 355; 7 Ga. App. 397; 29 Ga. App. 389; 80 Ga. 452; 9 Ga. 121 (6); 24 Ga. 297 (3).

J. Saxton Daniel, solicitor-general, contra.

LUKE, J. The defendant was convicted of assault with intent to rape. The woman assaulted testified that about 12 o'clock at night the defendant waked her up; that he was lying on the bed beside her; that "the first thing that attracted my attention was his arm around my neck and his hand under my clothes. I was asleep, and his putting his arm around my neck and his hand under my clothes is what waked me up. I just had on a nightgown. He put his hand on my person under my clothes. . . . I waked my husband by calling him and telling him Son Bell was trying to rape me, and when he seen my husband was getting up he went out on his all-fours;" that the defendant "went through the kitchen door on the front side and jumped the fence behind the kitchen, and went through the field down there I reckon a hundred yards from the house;" that in calling her husband, "I called Barney two or three times as loud as I could. I called him loud enough to wake him up. I just called, 'Barney, Barney, Son Bell is here trying to rape me,' and he jumped up as quick as he could, and Bell turned me loose when he saw Barney was getting up." Both the husband and wife testified positively that the defendant was the man who committed these acts. This evidence was sufficient to authorize the verdict. While there is some evidence which tends to show that the defendant was attempting to get the consent of the prosecutrix to have sexual intercourse, the jury believed, as charged in the indictment, that the defendant

Criminal Law, 16 C. J. p. 451, n. 90, 91; p. 1024, n. 80; 17 C. J. p. 255, n. 53.

Rape, 33 Cyc. p. 1453, n. 13; p. 1486, n. 12.

intended to commit rape. The credibility of the testimony is within the province of the jury only, and this province must not be invaded. The plaintiff in error insists that the crime charged would not have been attempted in the same room with the husband. It is true that a normal man in a normal condition would not attempt to rape a woman in the same room with her husband; neither would he attempt to have sexual intercourse by consent of the woman, under such conditions; but there was some evidence that the defendant was drinking, and this could have emboldened him to take an unusual risk, and also augmented the criminal inclination. Furthermore, the evidence showed that the husband went "to Belleville that evening," and that he saw the defendant there, and the defendant may have concluded that the husband was away from home; all of which was a question for the jury.

The first special ground of the motion alleges error because the court failed to charge the law of assault and battery. The indictment does not allege a battery. "If the indictment be for assault with intent to rape and does not charge a battery, and the proof shows a mere assault and battery without any intent to rape, the defendant can not be convicted of any offense, but should be acquitted." Owens v. State, 9 Ga. App. 441 (71 S. E. 680). In accordance with this principle of law, the judge charged the jury that it must have been done with the intent to commit the offense of rape, and that if they had a reasonable doubt of this intent to commit rape, the defendant should be acquitted. There was no request for a charge on assault and battery, and no error in failing to give such a charge.

The court committed no reversible error in permitting the defendant to be cross-examined on his motion for a continuance, nor in refusing to continue the case, as set out in the 2nd and 3rd special grounds of the motion for a new trial. The counter-showing on the motion for a continuance discloses, among other things, that counsel who tried the case was the attorney originally employed, and that the accused was well defended. "All applications for a continuance are addressed to the sound legal discretion of the court," and this discretion will not be interfered with unless abused. Penal Code, § 992; Caswell v. State, 27 Ga. App. 78 (107 S. E. 562); Eberhart v. State, 47 Ga. 606.

There being some evidence to authorize the verdict, and no

reversible error of law having been committed, the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*