## 22853. PARKER *v.* BOND.

DECIDED AUGUST 4, 1933.

*Paul H. Field*, for plaintiff in error.
*Mitchell & Mitchell*, contra.

GUERRY, J. The affidavit attempting to foreclose a landlord's special lien on crops raised in the year 1931 shows on its face that the money and supplies furnished were for the year 1930 as well as the year 1931, without disclosing what amount was furnished for making the crop of 1931. It also asserts a general lien on two described cows. The execution issued thereon follows the affidavit and specifically states that the lien is for supplies furnished in the years 1930 and 1931, and specifically names the crops raised on the rented premises in 1931 and two certain cows as described in the affidavit of foreclosure. In *Wimberly* v. *Ocmulgee Guano Co.*, 21 *Ga. App.* 270 (2) (94 S. E. 288), it was said: "The lien of a common-law judgment binds the property of the defendant from its date, while the lien of a distress warrant, upon property other than crops raised on the rented premises, attaches only from the date of its levy. The lien given to landlords for supplies, etc., furnished to tenants in the making of crops can be foreclosed only on such crops of the year in which the advances are made, and a fi. fa.

issued under such a foreclosure can not be levied upon or claim other property." The landlord's general lien for rent dates from the date of the levy of the distress warrant. His special lien on crops during the current year arises by operation of law or special contract and only against the crops raised that year. Civil Code (1910), § 3348, subsection 3. The landlord's special lien may be foreclosed only on crops of the year in which the advances are made. *Parks* v. *Simpson,* 124 *Ga.* 523 (52 S. E. 616) ; *Harmon* v. *Earwood,* 29 *Ga. App.* 399 (115 S. E. 502). The special lien for advances is present as against the crops raised during the year for which the advances are made, irrespective of the date of the levy. From the above authorities, the execution issued in this case was a nullity.

Counsel for the defendant in error make the point that inasmuch as the issue made by counter-affidavit was tried in the justice's court before a jury, and that no point was raised as to the sufficiency of the affidavit of foreclosure or the execution issued thereon, the superior court could not pass upon it when raised for the first time in the petition for certiorari. This is ordinarily true and has been held in a number of cases. See, in this connection, *Bolton* v. *City of Newnan,* 147 *Ga.* 400 (94 S. E. 236), and cit. However, a void judgment is not within this rule, for it is "no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. . . But whenever it is brought up against the party, he may assail its pretensions and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral. Black on Judgments, § 170. " *Jowers* v. *Kirkpatrick Hardware Co.,* 21 *Ga. App.* 751 (94 S. E. 1044). In *Wadley* v. *Wright,* 31 *Ga. App.* 289 (120 S. E. 551), it was said: "Although the point is raised for the first time in the brief of counsel for the plaintiff in error, this court holds as above because such a judgment is absolutely void." The court erred in dismissing the certiorari.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*