32664. McClendon *v.* The State.

MacIntyre, P. J. 1. "All exceptions which go merely to the form of an indictment shall be made before trial; and *no motion in arrest of judgment shall be. sustained for any matter not affecting the real merits of the offense charged in the indictment."* Code, § 27-1601.

2. A motion in arrest of judgment will only reach a defect apparent on the face of the record, not cured by verdict, to which a general demurrer could have been successfully interposed before arraignment. *Spence* v. *State,* 7 *Ga. App.* 825, 826 (68 S. E. 443).

3. On a motion in arrest of judgment in a criminal case only the indictment, the plea, the verdict, and the judgment of the court, may be considered. *Pippin* v. *State,* 172 *Ga.* 224 (157 S. E. 185).
4. Under the foregoing principles of law it is held: Where, as in the instant case, the record proper upon which a motion in arrest of judgment is based consists only of (1) an indictment, which does not show on its face that it would have been subject to demurrer, (2) a verdict, finding the defendant guilty of the offense charged in the indictment, and (3) a judgment properly entered thereon, it is not error to overrule the motion in arrest based upon the ground that the defendant was not formally arraigned, did not waive arraignment, and that this was brought to the court's attention before the jury retired, for upon consideration of a motion in arrest of judgment the court may not consider the allegation that the failure to arraign the defendant was brought to the court's attention before verdict, as such allegations are no part of the "face of the record" (*Pippin* v. *State,* supra), and on such motion it will be presumed that all proceedings between the indictment and the verdict were regular and legal, and in spite of the allegation in the motion for arrest of judgment this court must presume that the defendant was either arraigned or waived arraignment.

Had the motion in this case been one for a new trial an entirely different question would be presented, but, in that connection, see *Hudson* v. *State,* 117 *Ga.* 704 (45 S. E. 66); *Bryans* v. *State,* 34 *Ga.* 323; *Waller* v. *State,* 2 *Ga. App.* 636 (58 S. E. 1106); *Harris* v. *State,* 11 *Ga. App.* 137 (74 S. E. 895); *Brown* v. *State,* 19 *Ga. App.* 619 (91 S. E. 939); *Perry* v. *State,* 19 *Ga. App.* 619 (91 S. E. 939); *Fort* v. *State,* 31 *Ga. App.* 525 (121 S. E. 128); *Reddick* v. *State,* 149 *Ga.* 822 (102 S. E. 347); *Caswell* v. *State,* 27 *Ga. App.* 78 (107 S. E. 562). The court did not err in overruling the motion in arrest of judgment.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

Decided February 11, 1950. Rehearing denied March 24, 1950.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.
*Jack B. Taylor, Solicitor,* contra.

