GOSS et al. v. TONEY et al.

No. 13278.

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1950

Rehearing Denied Dec. 5, 1950.

Leonard Farkas, Albany, for appellants.

Waldo DeLoache, J. O. Gibson, Sam J. Gardner, Jr., Moultrie, Ga., Robert B. Williamson, Sylvester, Ga., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

BORAH, Circuit Judge.

The important and controlling question presented by this appeal is whether or not under Georgia law a landlord may take a bill of sale on crops to be grown on leased premises in order to secure rental thereon without thereby destroying the landlord's lien which would otherwise have arisen under Section 61-203 of the Georgia Code.

The material facts as stipulated are these: On December 11, 1948, plaintiffs-appellants, operating as partners under the trade name of Mercer Mill Plantation, entered into an agreement with one W. H. Monroe under the terms of which plaintiffs agreed to rent certain farm lands and equipment to Monroe and as a part of the consideration for this lease Monroe agreed to pay as rental for said land 72,000 pounds of No. 1 Spanish peanuts, grade 70 or better. The agreement further provides that "in order to secure said rental" Monroe bargains, sells and conveys to Mercer Mill Plantation all crops of any kind or nature grown on certain described land. The lease agreement was not recorded.

On January 3, 1949, Monroe, plaintiffs' lessee, executed and delivered to defendants-appellees a promissory note in the amount of $15,322.36 and as security for this indebtedness executed a bill of sale, conveying to defendants certain personal property and all of the crops to be grown by Monroe within twelve months on described lands. It further appears from the agreed statement of facts that upon matur-

ity of the crops grown on the leased land during the year 1949 Monroe delivered and sold to defendants thirty-eight bales of cotton and also brought to Doerun, the home and place of business of the appellees, 33,000 pounds of peanuts which were sold to the Georgia Peanut Company, which company was represented on the Doerun market by defendants. The proceeds of these commodities were credited by defendants on Monroe's note and bill of sale to defendants.

The Court below found that the defendants knew when they took their bill of sale and received the crops that Monroe was plaintiffs' tenant and that the crops received were grown on the rented land during the year 1949. The Court further found that the bill of sale to secure the rent was a valid, unrecorded bill of sale and that defendants had no knowledge or notice thereof until Monroe was adjudicated a bankrupt in November 1949. On the basis of these findings the Court held that plaintiffs, "in taking a bill of sale to the crops to be grown by said Monroe on the land which they rented to him for the year 1949, to secure the payment of rent therefor, in the same instrument which created the relationship of landlord and tenant between them, thereby elected to take or reserve in themselves the title to said crops, as security for the payment of said rent, so that the landlord's lien thereon for rent, which would otherwise have arisen, never came into existence,—the plaintiffs, in such circumstances, not being permitted, as a matter of law, to take or reserve in themselves title to the crops and, at the same time, to assert that they hold, by virtue of the same instrument, a lien on their own property." And having so held the Court concluded that plaintiffs' bill of sale, which had not been recorded, was by virtue of that fact inferior to the bill of sale of defendants and that defendants' superior claim to the crops should be recognized and judgment rendered in their favor.

Plaintiffs contend that the decision of the trial judge upon the question of Georgia law which is controlling on this appeal was wrong and that the judgment entered in favor of defendants should not be permitted to stand. Defendants, on the other hand, insist that the case was rightly decided and that the bill of sale conveyed an absolute title to the crops to be grown on the leased premises and furthermore that plaintiffs elected to take such estate. We think plaintiffs are right.

The lease agreement on its face plainly shows that it was not within the contemplation of the parties that absolute title to the crops should be conveyed to the plaintiffs. If the defendants are on firm ground in their contention that the plaintiffs had absolute title in the crops then may we ask what possible interest did the tenant have which he could convey to the defendants? And what incentive woud there be for the tenant to raise crops on the land if absolute title to all crops raised was intended by the parties to be in the landlord?

In Boyce v. Day, 3 Ga.App. 275, 281, 59 S.E. 930, 933, the Court, in construing what is now Section 61-202 of the Georgia Code, said: "Nor does the fact that the landlord takes a mortgage, or otherwise secures himself for the payment of the articles furnished defeat his lien as landlord for supplies furnished. In most of the decisions upon this subject, mortgages were taken. The lien of a landlord is not one of those liens which arise only where the party has taken no other security." Harmon v. Earwood, 29 Ga.App. 399, 115 S.E. 502, is substantially to the same effect and no Georgia Court, so far as we are advised, has ever repudiated these general principles enunciated in these two decisions.

We are of the opinion, and so hold, that plaintiffs did not have absolute title to the crops; that the tenant, Monroe, did have an interest in the crops which was subject to the landlord's lien for rent; and that plaintiffs by taking additional security to secure the payment of rental did not prevent their statutory landlord's lien from coming into existence or destroy its integrity.

The judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.