### 35745. ANDERTEN *v.* THE STATE.

CARLISLE, J. 1. While by the provisions of Code § 70-305 as amended by the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446; Code, Ann. Supp., § 70-305), the stenographic report of the trial of the case may be used in place of a brief of evidence, the immaterial questions and answers and parts thereof must be stricken; and, where, upon appeal to this court, it appears from the record that the purported brief of evidence consists of the entire stenographic report of the trial (filling some 172 pages) and almost every page includes either motions to rule out evidence, objections to the introduction of evidence, rulings of the court in passing upon the various objections and motions of counsel, colloquies between counsel and between counsel and the court, arguments of counsel upon objections to the admission of evidence, and various other immaterial and irrelevant matter, it is apparent upon the face of the record that there has been no bona fide attempt whatsoever to comply with the requirements of Code § 70-305, as amended, and this court will not, therefore, pass upon any assignment of error in the determination of which reference must be had to the purported brief of evidence. *Brown* v. *Clarke*, 211 *Ga.* 61 (84 S. E. 2d 14); *Williamson* v. *Yakupian*, 211 *Ga.* 61 (84 S. E. 2d 15); and citations. As the general grounds and special grounds 2, 3, 4, 5, 6, 7, 8, and 9 of the motion for a new trial in the present case contain assignments of error which would require reference to the purported brief of evidence for determination, those grounds will not be considered.

2. In the absence of a showing of manifest abuse of discretion the appellate courts of this State will not interfere with a judgment of a trial court refusing or granting a motion for a continuance of a case (*Crow* v. *State,* 86 *Ga. App.* 11, 70 S. E. 2d 601, and citations), and it is not an abuse of discretion to refuse to grant a continuance in a case, upon the ground that the defendant's counsel have had only five days within which to prepare his defense and secure certain evidence from the defendant's bank in the State of Texas, where, to the ground of the motion for new trial in which complaint is made of the refusal of the trial court to grant the continuance, the trial court appends the note that the defendant had had approximately eight months between the time of his arrest and the time of his trial within which to secure any and all evidence necessary to his defense and that he had been out on bond until such time as his bond had been forfeited upon the call of the case and had been represented by counsel of his own employment and counsel appointed by the court whom he discharged in order, as he declared in open court, to represent himself. There is no merit in special ground 1 of the motion for a new trial.

3. A motion in arrest of judgment in a criminal case will reach only such defects as are apparent on the face of the record; and the record on such a motion is composed of and restricted to the accusation, plea, verdict, and judgment and does not include the brief of evidence. *McClendon* v. *State,* 81 *Ga. App.* 218 (58 S. E. 2d 462), and citations. Each of the grounds of the motion in arrest of judgment in the present case would require a consideration of the brief of evidence, and the trial court did not err in denying such motion.

4. It is not apparent from the face of the accusation that the City Court of Macon was without jurisdiction to try certain of the offenses charged in the accusation, which the defendant, in his plea to the jurisdiction contends were committed in the State of Texas if committed at all. The trial court in overruling the plea certified that no evidence was offered in support of the plea, and to determine otherwise would require reference to the purported brief of evidence; and since under the ruling in division 1 this court will not consider any assignment of error requiring reference to the purported brief of evidence, the exception to the overruling of the plea to the jurisdiction is not considered.

5. Consequent upon the rulings in the foregoing divisions of this opinion, each of the rulings to which exception is taken in the present bill of exceptions must be affirmed.

> *Judgments affirmed. Gardner, P. J., and Townsend, J., concur.*
>
> DECIDED JULY 11, 1955—REHEARING DENIED JULY 23, 1955.

*Noah V. Shelley, Wm. R. Harrell,* for plaintiff in error.

*H. T. O'Neal, Jr., Solicitor, Wm. K. Buffington, Assistant Solicitor,* contra.

In an accusation composed of eight counts the defendant was charged with cheating and swindling by passing worthless checks.

Save for the differences in the names of the persons alleged to have been defrauded, and the differences in the dates and amounts of the checks, the first four counts are in substantially the same language, which is as follows: "John C. Richardson, in the name and behalf of the citizens of Georgia, upon his oath as appears by the above and foregoing affidavit, charges and accuses Irwin W. Anderton with the offense of a misdemeanor for that . . . [the defendant] on . . . [January 21, 1954] in the county [of Bibb] . . . did then and there unlawfully use certain deceitful means and artful practices by then and there falsely and fraudulently inducing R. B. Boone, acting for and on behalf of Kroger Company, to cash a certain check, said check and draft being dated January 21, 1954, and drawn on the National Bank of Fort Sam Houston, San Antonio, Texas, for the sum of $50, representing that said check was good and would be paid upon presentation to the bank, intending at the time of giving said check to stop payment thereon and prevent said bank from paying said check and . . . [the defendant], immediately after giving said check, in carrying out his original intent and purpose, stopped payment thereon and thereby defrauded and cheated Kroger Company out of the sum of $50."

Save for the differences in the names of the persons alleged to have been defrauded, and the differences in the dates and the amounts of the checks, the last four counts of the accusation are in substantially the same language, which is as follows: "And the said John C. Richardson, in the name and behalf of the citizens of Georgia, upon his oath as appears by the above and foregoing affidavit, further charges and accuses . . . [the defendant] with the offense of a misdemeanor for that the said . . . [defendant] on . . . [September 14, 1954] in the county [of Bibb], did then and there unlawfully, with intent to defraud, make, draw, utter and deliver for present consideration, a certain check and draft to M. E. Holland, trading as Holland's Service Station, said check and draft being dated September 14, 1954, drawn on the Citizens & Southern National Bank, Macon, Georgia, for the sum of $10, knowing at the time he did not have sufficient funds in, or credit with, said bank for the payment of said check and draft in full upon its presentation and thereby the . . . [defendant] defrauded and cheated M. E. Holland,

trading as Holland's Service Station, out of the sum of $10 in lawful money."

The defendant filed no demurrers to the accusation, but interposed a plea to the jurisdiction in which he alleged that the City Court of Macon did not have jurisdiction of the offenses charged in counts 1, 2, 3, and 4, as it appeared from the accusation that if those crimes were committed at all they were committed in the State of Texas whose courts would have jurisdiction of those offenses. The trial court overruled the plea with the notation that no evidence was offered in support of the plea, and the defendant assigns error upon that judgment.

The State withdrew and abandoned counts 1 and 2, and on the trial of the case the jury returned a verdict finding the defendant guilty of the offenses charged in the six remaining counts. The defendant's motion for a new trial, based on the usual general grounds and nine special grounds, was denied and he assigns error upon that judgment.

During the same term at which he was tried and convicted, the defendant made a motion in arrest of judgment upon numerous grounds. The trial court denied the motion and the defendant assigns error upon that judgment.