## 21406. GLOVER v. THE STATE.

MOBLEY, Justice. 1. An accusation against the defendant in the instant case was filed in the City Court of Macon, charging him with a violation of the provisions of *Code* §§ 18-208 and 18-9904, which make it a penal offense for a passenger to remain in any car, compartment, or seat of a train, street car, or bus other than the one assigned to him as a passenger by the conductor or operator thereof. Before arraignment the accused demurred generally to the accusation on the ground that *Code* §§ 18-208 and 18-9904 offend the due-process and equal-protection clauses of the Constitution of the United States (*Code* § 1-815), and for that reason are null and void. The demurrer was overruled, and there is no exception to that judgment. Such ruling there-

fore fixed and became the law of this case and amounts to an adjudication that those sections of the Code do not for the reason alleged offend the due-process and equal-protection clauses of the Federal Constitution. This rule applies in criminal cases as well as in civil cases. *Griffin v. Eaves,* 114 Ga. 65 (39 SE 913); *Sims v. Ga. Ry. & Elec. Co.,* 123 Ga. 643 (51 SE 573); *Matthews v. State,* 125 Ga. 248, 249 (54 SE 192); *Nelson v. State,* 179 Ga. 743 (177 SE 253).

2. A motion in arrest of judgment must be predicated on defects appearing on the face of the record, and, in a criminal case "the face of the record" means the indictment and verdict. See *Spence v. State,* 7 Ga. App. 825, 826 (68 SE 443); *Pippin v. State,* 172 Ga. 224 (157 SE 185). There were no defects appearing on the face of the record in this case, and consequently the motion in arrest of judgment did not raise any question calling for a construction of the Constitution, or, for that matter, any other question.

3. The general grounds do not raise any constitutional question for consideration by this court.

4. In view of the foregoing, the writ of error presents no constitutional question to this court for consideration. Hence, the Supreme Court does not have jurisdiction of the case, and it must be

*Transferred to the Court of Appeals. All the Justices concur.*

Argued October 9, 1961—Decided November 9, 1961.

*D. L. Hollowell, Horace T. Ward,* for plaintiff in error.
*C. H. Clay, Jr., Harry F. Thompson,* contra.

