### 53748. BOWEN v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of burglary. While the jury was deliberating on its findings of guilt or innocence, defendant advised his counsel that he had just been told that a juror was related to one of the deputy sheriffs. Counsel checked his file and discovered that the deputy sheriff named was the prosecutor listed on the indictment. The jurors had been voir dired as to their relationship to the prosecutor but none had spoken up. The issue was raised before the verdict was published but the court refused to hear it at that time. After the verdict was announced, the juror was questioned and admitted he was a first cousin to the prosecutor. Defendant's motion for a mistrial was granted. However, the order issued by the court stated that the motion for mistrial "was treated and granted as a motion for a new trial."

The court's order was dated May 12, 1976. The next term of court began May 24, 1976. The order was filed June 7, 1976. The state filed a "Motion . . . to set aside the order of the Court dated May 12, 1976," as being "void on its face" because "[n]o where in said order or the record does it show where both attorneys made an affidavit that they had no knowledge of the relationship between the juror and prosecutor as required by law."

During the proceedings following the publishing of the verdict when defendant's counsel made the motion for mistrial, counsel stated: "we would like the record to reflect that we as attorneys, that is myself [Mr. McDonald], Mr. London, Mr. Salem and our clients Mr. Bowen and Mr. McKenzie did not know that Mr. Mason [the juror] was related in anyway [sic] to Truie Miller [the prosecutor]. . . Mr. Salem: Prior to deliberations. . ." We need not reach this question as this case will be resolved

on a threshold issue.

The state's motion to "set aside" the order of May 12 was filed on October 12, 1976. The next term of court began October 25, 1976. The state's motion to set aside was granted on November 18, 1976.

To summarize briefly: (1) The trial was held during the February term and the order granting the new trial was signed during the same term on May 12. The May term began May 24. The order was entered on June 7 — during the May term. The state's motion to set aside was filed October 12 — during the May term. The October term began October 25. The final order of the court was signed and entered November 18 — in the October term. *Held:*

We found three interrelated issues confronting us. First, Code Ch. 110-7 regulating "How Judgments Attacked," in civil and criminal cases, was decimated by the Civil Practice Act, Ch. 81A-2 (Code Ann. § 81A-201; Ga. L. 1966, pp. 609, 687, as amended through 1967), which repealed inter alia, Code §§ 110-701, 110-702, 110-703, 110-704, 110-706, 110-707, 110-708, 110-710, relating to motions in arrest, motions to set aside and other similar remedies. The "Editorial Note" to this section expressed doubt as to whether these sections had been repealed for all purposes — both civil and criminal.

The second related issue was, assuming Code § 110-702 survived the specific repealer section of the CPA, for criminal purposes, either party could move in arrest of judgment or to set a judgment aside for any defect not amendable which appears on the face of the record or pleadings. Thus, if this remedy survived when could it be brought? If Code § 110-703 survived, for criminal purposes, a motion in arrest of judgment must be made during the term at *which such judgment was obtained,* while a motion to set aside could be made at any time within the statute of limitation. (Emphasis supplied.)

On the other side of the coin, if we assume that these Code sections did not survive the CPA repealer section and were repealed for all purposes — both civil and criminal, we were faced with two apparently conflicting lines of decisions as to when a court could amend or revoke its judgment. One line of cases followed *Maxwell v. Cofer,*

201 Ga. 222 (a) (39 SE2d 314), which held: "Courts of record retain full control over their own orders and judgments, where not based on jury verdicts, *during the term in which they are entered,* as such orders and judgments remain 'in the breast of the court.' "

Another line of cases is typified by *Martin v. General Motors Corp.,* 226 Ga. 860, 862 (178 SE2d 183), which held: "It has always been the rule in this State that where a judgment is not based on the verdict of a jury, but is the act of the judge, it is in the breast of the court *during the term in which it is rendered,* and in the exercise of a sound discretion, the judge may set it aside." (Emphasis supplied.)

Furthermore, "[t]he rule as to the power of the trial court to change its judgment during the term in which it is rendered is an inherent power unchanged by the CPA." *Ammons v. Bolick,* 233 Ga. 324, 325 (210 SE2d 796). Thus, even if the prior statutes did not survive the CPA, the inherent power of the court to change its judgment in the same term survived the CPA and remains intact.

We turned to *Deck v. Deck,* 193 Ga. 739, 746 (20 SE2d 1), for the distinction, if any, of the terms "rendered" and "entered." The Supreme Court held there that "[t]he distinction should be kept in mind between the rendition of the decree and the placing of the same on the minutes; the one is judicial, the other ministerial. [Cit.] 'The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy. . . The entry of a judgment is a ministerial act, which consists in spreading upon the record a statement of the final conclusion reached by the court in the matter. . . a judgment must be rendered before it can be entered. . . Rendition and entry are separate acts and different in nature." At first blush it might appear that a judgment would be "rendered" when announced by the judge in court — or at least when signed and dated by the judge (but see *Jones v. Burton,* 238 Ga. 394, 396 (233 SE2d 367)), and its entry on the record is effective when filed with the clerk. Thus, we were faced with two lines of cases dealing with the effective dates of judgments as of the date "rendered" and "entered" and the facts of our case indicated that the judgment was rendered in one term and

entered in another term.

The third related issue confronting the court was: (1) assuming the statutory methods for attacking a judgment were repealed for civil and criminal purposes, and (2) assuming the state would be authorized to enter a motion to set aside a criminal judgment, (3) would existing case law, citing or interpreting the repealed statutes be "considered valid or controlling authority?"

We certified these questions to the Supreme Court in *Bowen v. State,* 239 Ga. 517, 518, and they answered all questions in the affirmative, i.e. the cited statutes were repealed for all purposes — both civil and criminal, and cases construing these sections "are of precedential value in construing the same or similar provisions found elsewhere in the Code." See *Frost v. Frost,* 235 Ga. 672 (2) (221 SE2d 567), and Fn. 2.

The court also answered the question: "Does the term in which the judgment is *rendered* or the term in which it was *entered* control?" They held, "a judgment is effective only upon *entry* and that *filing* a judgment signed by the judge with the clerk constitutes entry. . . Therefore, the term of court in which the judgment rendered became effective is controlling; that is, when it was entered by filing the signed order with the clerk." *Bowen v. State,* 239 Ga. 518, supra.

Accordingly, the resolution of our issues was simplified. Although the judgment of the trial court was signed on May 12 and not entered until June 7 — in the next term of court, the date of entry is controlling. Thus the motion to set aside by the state made on October 12 was timely filed in the May term — the same term as the date of entry. Further, while the inherent authority of the court to change its judgment during the term "does not exist after the term of rendition, if the proceedings are begun during the term, they may be continued over and the judgment set aside or modified after the expiration thereof." *Ammons v. Bolick,* 233 Ga. 324, 325, supra. Thus, the rendition of the ruling of the trial court on the state's motion in the October term was timely, although filed by the state in the May term, because the matter was pending at the conclusion of the May term. See *Union Circulation Co. v. Trust Co. Bank,* 143 Ga. App. 715.

" 'A trial judge has the power during the same term of court at which a judgment is rendered to revise, correct, revoke, modify, or vacate such judgment, even upon his own motion. . .' " *Pekor v. Clark,* 236 Ga. 457 (1) (224 SE2d 30). However, it is evident here that the trial judge was not exercising his inherent power to revoke his previous judgment but was ruling on the motion before him.

It is unfortunate that the CPA set aside the majority of the remedies used to attack criminal judgments without providing for substitute legislation. Specifically, Code §§ 110-702 and 110-703, relating to motions in arrest of judgment and motion to set aside, and the time when they could be entered, were repealed. Also, there is substantial authority, in both appellate courts that "[a] motion to set aside a verdict and judgment is not an appropriate remedy in a criminal case." *Claughton v. State,* 179 Ga. 157 (1) (175 SE 470); *Waits v. State,* 204 Ga. 295 (1) (49 SE2d 492); *Hodges v. Balkcom,* 209 Ga. 856, 857 (2) (76 SE2d 798); *Sims v. State,* 230 Ga. 589, 590 (198 SE2d 298); *Pope v. State,* 116 Ga. App. 271 (157 SE2d 32); *McRae v. State,* 116 Ga. App. 407 (1) (157 SE2d 646); *Moore v. State,* 116 Ga. App. 774 (158 SE2d 926); *Bishop v. State,* 117 Ga. App. 93 (1) (159 SE2d 477). Although all cited cases refer to instances where a defendant brought the motion to set aside, the rule would not change where it is now the state that seeks to assert the remedy.

Our appellate courts have established the rule that "there is 'no magic in nomenclature, and in classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name.' " *Frost v. Frost,* 235 Ga. 672, 674, supra. Since the motion was brought by the state, we automatically rule out habeas corpus, and the state definitely was not seeking a new trial for the defendant. However, a motion to set aside is related to a motion in arrest of judgment.

Code § 27-1601 provides for a motion in arrest of judgment. Under the ruling of the Supreme Court in the instant case, we may use as precedent former cases "construing the same or similar provisions found elsewhere in the Code." In *McEwen v. State,* 108 Ga. App.

352 (1) (133 SE2d 38), we held that "[a] motion in arrest of judgment must be filed at the term when the verdict and judgment are rendered." Thus, the motion by the state, when considered to be a motion in arrest of judgment, was timely filed. However, the statute itself provides that "no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment." This motion deals only with the disqualification of a juror. Accordingly, the motion to set aside must fail, even when considered as a motion in arrest. See *Gunn v. State,* 227 Ga. 786 (3) (183 SE2d 389). This is particularly true when the matter upon which the motion is predicated must be developed by evidence. See *Wiley v. Wiley,* 233 Ga. 824 (2) (213 SE2d 682); *Gough v. Gough,* 238 Ga. 695 (4) (235 SE2d 9).

*Judgment reversed. Shulman and Banke, JJ., concur.*

ARGUED APRIL 12, 1977 — DECIDED NOVEMBER 22, 1977 — REHEARING DENIED DECEMBER 13, 1977 — ▮▮▮▮▮▮▮

*Joe Salem,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.

ON MOTION FOR REHEARING.

The state contends, in this motion for rehearing, that we overlooked Code § 110-709, relating to void judgments, in reaching our decision. We do not find Code § 110-709 to require a different result. Prior to the Civil Practice Act there were two statutes relating to void judgments, Code §§ 110-701 and 110-709. Code § 110-701 was repealed by the CPA but Code § 110-709 provides: "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it."

The basis used at trial for the motion by the state "to set aside" the judgment of the court was that it was "void on its face" because "[n]owhere in said order or the record does it show where both attorneys made an affidavit that

they had no knowledge of the relationship between the juror and prosecutor. . ." The basis asserted in the motion for rehearing on appeal was that the judgment was void because: (1) "there is no provision . . . for making a motion for mistrial after the verdict has been rendered," and (2) the trial court cannot "treat a motion for mistrial as a motion for a new trial," and (3) a rule nisi was not issued, nor was the state served, and no hearing was held on any motion for a new trial.

The state appears to have overlooked the fact that the defendant attempted to raise the motion for mistrial before the verdict was announced but was advised by the judge: "I don't feel that right here and now is the time to raise this point, there's a proper way to raise these points." Defendant's counsel reiterated to the court that they "wanted to mention that . . . before you read that [verdict]. . ."

We agree with the state that "[e]very fact which is ground for mistrial must be taken advantage of before a verdict is rendered, if it is known to the defendant or his counsel; otherwise it will be considered as waived." *Hatcher v. State,* 176 Ga. 454, 460 (168 SE 278). The state is placed in an untenable position to claim lack of error or prejudice to a defendant where the trial court refused to permit the defense to raise the issue before the verdict and now claims because defendant did not do so he has waived such right. The trial court must have recognized the problem after the verdict was announced, because he granted as a motion for a new trial, the motion for mistrial, which he should have considered before the verdict was announced, since the defendant did not waive this right.

We are not prepared to rule that the trial court cannot treat a motion for a mistrial as a motion for a new trial. As we stated in the principal opinion when we considered the state's improper motion terminology, "there is 'no magic in nomenclature, and in classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name.' " *Frost v. Frost,* 235 Ga. 672, 674 (221 SE2d 567). Exceptions to the overruling of a motion for a mistrial can be taken advantage of by a motion for new

trial, although no exception was made. *Livingston v. Wynne,* 147 Ga. 307 (1a) (93 SE 877). Realizing he could not grant a mistrial after verdict the trial court construed the pleadings by its function and granted the new trial.

Turning to the state's last contention, we agree with their assertion that if there was no service, or waiver of service, of the motion for new trial the court would be without jurisdiction and its judgment would be void. *Dunn v. Dunn,* 221 Ga. 368 (2a) (144 SE2d 758). However, there is a presumption that service has been made and the burden is on the one attacking a judgment to show that service had not been perfected. *Benton v. Maddox,* 52 Ga. App. 813 (3) (184 SE 788). Cf. *Liberty Mut. Ins. Co. v. Coburn,* 129 Ga. App. 520, 521 (200 SE2d 146).

"The rules permitting attacks upon judgments are designed to accommodate the desire to achieve justice and the practical necessity of bringing litigation to an end. To accomplish this Georgia has drawn a distinction between judgments which are void on their face and judgments which may be shown to be void for other causes. Except for certain statutory exceptions (Code § 110-711) judgments which are void for causes not appearing on their face may only be attacked directly and only by parties to the judgment or their privies." *Wasden v. Rusco Industries,* 233 Ga. 439, 444 (211 SE2d 733). As this current attack is not on the same grounds urged at trial it is a collateral attack and the state is limited to defects appearing on the face of the record. See also *Logan v. Nunnelly,* 128 Ga. App. 43, 44 (195 SE2d 659).

As stated in the principal opinion: " '[a] motion to set aside a verdict and judgment is not an appropriate remedy in a criminal case.' " *Waits v. State,* 204 Ga. 295 (49 SE2d 492). But after judgment has been rendered, either party may move in arrest thereof for any defect not amendable which appears on the face of the record. *Gravitt v. State,* 165 Ga. 779 (1) (142 SE 100). On a motion in arrest of judgment in a criminal case only the indictment, the plea, the verdict, and the judgment of the court, may be considered. *McClendon v. State,* 81 Ga. App. 218 (3) (58 SE2d 462); *Anderten v. State,* 92 Ga. App. 544 (3) (88 SE2d 719). Also, the Court of Appeals can consider only the indictment, plea, verdict, and judgment. *Pippin v. State,*

172 Ga. 224 (1) (157 SE 185); *Glover v. State,* 217 Ga. 401 (2) (122 SE2d 744). Our examination of these documents fails to reveal any evidence to support the contention of the state. See *Chance v. State,* 27 Ga. App. 307 (108 SE 249). Thus, they have not carried their burden of overcoming the presumption of regularity. *Liberty Mut. Ins. Co. v. Coburn,* 129 Ga. App. 520, 521, supra.

Furthermore, we are aware that an attack on a judgment as being void can be raised for the first time on appeal. *Parker v. Bond,* 47 Ga. App. 318 (2) (170 SE 331). However, this court has held that where it does not affirmatively appear from the face of the record that requisite notice and service were made, in the absence of any attempt of the state to enumerate this as error, we are without authority to determine the validity of this enumeration "except where a want of jurisdiction" as to "person or subject-matter" is shown. Code § 110-709; *Morrison v. Brown,* 21 Ga. App. 217 (1a) (94 SE 85). See also *Boland v. Barge,* 108 Ga. App. 689 (4) (134 SE2d 463). Those exceptions were not raised.

In the instant case, the state's attempt to reverse the judgment of the court suffers from several deficiencies: (1) it was raised by a motion to set aside, which is not an appropriate method of reaching the issue; (2) the ground stated for reversal is not the same on appeal as it was at trial; (3) as the only statutory method left to attack a criminal judgment was a motion in arrest of judgment under Code § 27-1601, it could only relate to the merits of the offense charged; and because it was a collateral attack, only the indictment, plea, verdict, and judgment could be considered except where want of jurisdiction is alleged; and (4) the allegation of the void judgment on the basis now asserted was not raised on appeal but on a motion for rehearing. We deem it improper to "rehear" an allegation of error that was not raised in the trial court or previously in the appellate court.

*Motion for rehearing denied.*